COURT OF APPEALS

THIRD DISTRICT OF TEXAS

FILED
August 5, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

EDDIE DON JOHNSON
    APPELLANT

§

§

V.

§   03-15-00343-CV

§   D-1-GN-13-001602

THE STATE OF TEXAS
    APPELLEE
      ET AL.,

§

§

§

RECEIVED
JUN 2 2 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## APPEAL BRIEF

EDDIE DON JOHNSON PROCEEDING PRO SE PURSUANT TEXAS RULES OF APPELLATE PROCEDURE RULE 25. GROUNDS FOR RELIEF FROM A FINAL ORDER OR PROCEEDING WITH APPEAL IN COURT OF APPEAL NUMBER 03-15-00343-CV, TRIAL CASE NUMBER D-1-GN-13001602 STYLE EDDIE DON JOHNSON V. THE STATE OF TEXAS. ORDERED THAT PLAINTIFF CLAIM BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION, ORDER OPERATES AS FINAL JUDGMENT.

APPELLANT SUBMITTED APPROPRIATE PROCEDURES AND STANDARDS FOR IMPOSITION, WITH RESPECT TO GROSS NEGLIGENCE DEFENDANT'S KNEW OF FACTUAL ALLEGATION, FAIL TO INSPECT, FAIL TO ALLEVIATE OR REMOVE THE CONDITION REASONABLY OF WHICH IT WAS AWARE, AND THAT DEFENDANT'S CONDUCT WAS WILLFUL, WANTON, OR GROSS NEGLIGENT.

ADMINISTRATIVE ACTION REFLECT BY THE RECORD IN CONNECTION WITH THIS APPEAL FILED BY EDDIE DON JOHNSON, APPELLANT ABUSE IS NO FAULT OF HIS OWN, ISSUES AND FACTS HAVE COMPLIED WITH, RULES AND DEADLINES BY LAW AND VENUE. SEE: ATTACHED STATE'S EXHIBIT A. P. 20-23

## I.
## JURISDICTION

APPELLANT SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2283 AND 2284 AND RULE 65 OF THE FEDERAL RULE CIVIL PROCEDURE, THE WESTERN DISTRICT OF TEXAS IS IN VENUE UNDER SECTION 1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

## II.

### PLAINTIFF-APPELLANT

2. PLAINTIFF-APPELLANT EDDIE DON JOHNSON #364033, IS AND WAS AT ALL TIMES MENTIONED HEREIN A OFFENDER OF THE STATE OF TEXAS IN THE CUSTODY OF PAROLE, CITY JAIL, COUNTY JAIL, ISF OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, PAROLE DIVISION AND INSTITUTION DIVISION JAMES A. LYNAUGH UNIT FORT STOCKTON, TEXAS.

## III.

### DEFENDANT-APPELLEE

3. THE FOLLOWING ARE NOT DIRECT PARTIES IN THIS APPEAL BUT DO HAVE SOME INTEREST OR RELATIONSHIP WITH THE LITIGATION OR THE OUTCOME OF THE LITIGATION OR ADMINISTRATIVE PROCEEDINGS OR IN RELATED PROCEEDINGS ARE NOTED BELOW.

4. DEFENDANT STUART JENKINS HEAD OF BOARD OF PARDONS AND PAROLES IS THE DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE PAROLE DIVISION, BOARD ADMINISTRATORS PANEL MEMBERS & INITIAL ADMINISTRATIVE ABUSE BEGIN 2003 → STATE OF TEXAS BOARD OF PARDONS AND PAROLE. BOARD ADMINISTRATIVE SEE: STATE OF TEXAS TEXAS DEPARTMENT OF CRIMINAL JUSTICE PARDONS AND PAROLE DIVISION CERTIFICATE OF MANDATORY SUPERVISION ATTACHED PAGE 2B. HE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER ITS JURISDICTION INCLUDING JAMES A. LYNAUGH WHERE PLAINTIFF APPELLANT IS CONFINED.

5. TEXAS BOARD OF PARDONS AND PAROLE TAC PROVISIONS OF THIS SECTION 141.3 ADOPTED TO BE EFFECTIVE JULY 1, 1994 19 TEX REG 4750 AMENDED TO BE EFFECTIVE JUNE 30, 1998, 23 TEX REG 6722. AMENDED TO BE EFFECTIVE JUNE 2002, 27 TEX REG 4990. SEE: ATTACHED PAGE

6. DEFENDANT RISSIE OWENS IS THE PRESIDING OFFICER (CHAIR) AND POLICY BOARD OF THE STATE OF TEXAS TEXAS DEPARTMENT OF CRIMINAL JUSTICE PARDONS AND PAROLE DIVISION. SHE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF JAMES A. LYNAUGH UNIT AND FOR THE WELFARE OF PLAINTIFF APPELLANT IN THAT PRISON. SEE ATTACHED STATE OF TEXAS BOARD OF PARDONS AND PAROLES PROCLAMATION OF REVOCATION AND WARRANT OF ARREST PAGE 59

INCORPORATE BY REFERENCE TOOK BY TIME, DATE, EVENT
T.D.C.J - UNIT HUNTSVILLE INSTITUTIONAL PAROLE OFFICER JANUARY 16, 2004

7.   DEFENDANT EVA J. OLIPANT
     DEFENDANT N. BAILY        SEE: ATTACHED P. 27.

2.

8.  CONDITION "SISP" AS IMPOSED OR MODIFIED BY PAROLE OFFICER AND AS AUTHORIZED BY
A PAROLE PANEL.    REID COMM. CORR. FACILITY

JANUARY 16, 2004    DEFENDANT MALONE, CASEMANAGER

JANUARY 20, 2004    DEFENDANT JACQUELINE CHENIER, PAROLE OFFICER; IMPOSE CONDITION X

JANUARY 20, 2004    DEFENDANT KEITH 7. WARREN, PAROLE SUPERVISOR, INTRODUCED HIMSELF

MARCH 16, 2004    DEFENDANT KEITH 7. WARREN, PAROLE SUPERVISOR, ON ANTICIPATED

RELEASE DATE MARCH 16, 2004. CUT MONITOR OFF-LEAVE ME MONITOR- TAKE OFF- GO. SEE: ATTACHED <mark>P. 29</mark>

PRELIMINARY/REVOCATION HEARING INFORMATION
REID COMM. CORR. FACILITY

9.  JULY 21, 2004    DEFENDANT SHAKEITH JOHNSON, CASE MANAGER @ REID FACILITY

JULY 28, 2004    DEFENDANT STEPHANIE GUILLORY, LT. IN SECURITY @ REID FACILITY

AUGUST 3, 2004    DEFENDANT DERRICK FONTENTO; CAPT. IN SECURITY @ REID FACILITY

SEE: ATTACHED <mark>P. 42.</mark>

STATE OF TEXAS WARRANT DIRECTING RETAKING
ADMINISTRATIVELY RELEASED PRISONER

10.  AUGUST 5, 2004    DEFENDANT JACQUELINE CHENIER, PAROLE OFFICER, DPO/HOUSTON 7

AUGUST 8, 2004    DEFENDANT J. MENCHACA, UNIT SUPERVISOR OFFICE HOUSTON 7 DISTRICT PAROLE OFFICER

AUGUST 18, 2004    DEFENDANT LASHANDA TYSON CAPT. IN SECURITY @ REID FACILITY

AUGUST 18, 2004    DEFENDANT OFORDILE D. CHIAZOR, HEARING OFFICER, TEXAS BOARD PARDONS AND PAROLE

SEE! ATTACHED P.

ISSUE SUMMONS - ISSUE WARRANT

11.  MARCH 1, 2005    DEFENDANT JUDY JOHNSON, DECISION IF APPLICABLE

MARCH 1, 2005    DEFENDANT MORGAN SUMMERS, DECISION RENDERED

MARCH 1, 2005    DEFENDANT ROI DICKERSON, PAROLE OFFICER. OFFICE SOUTH TEXAS ISF

DISTRIBUTION DPO CENTRAL. SEE! ATTACHED <mark>P. 51</mark>

ADMINISTRATIVE

12  EACH DEFENDANT NAMED IS A STATE OF TEXAS BOARD OF PARDONS AND PAROLE
PAROLE DIVISION ACTION OF THE TEXAS BOARD OF PARDONS AND PAROLE WHO, AT ALL

<mark>3.</mark>

TIME MENTION IN THIS COMPLAINT HELD THE RANK OF POSITION AND WAS ASSIGNED TO INSTITUTION OF THE BOARD OF PARDONS AND PAROLE.

13. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OR HER OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT. EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## V.
## CONFLICTION OF JURISDICTION
## U.S.C. 8TH AMENDMENT

14. FEDERAL RULE CIVIL PROCEDURE RULE. 26. AND RULE 301 ALSO 502 DUTY TO DISCLOSE GENERAL PROVISIONS GOVERNING DISCOVERY RULES OF EVIDENCE 301. PLAINTIFF-APPELLANT SET FORTH EIGHTH AMENDMENT "CRUEL AND UNUSUAL PUNISHMENT CLAIM AGAINST HARRIS COUNTY, TEXAS THE HOUSTON POLICE CHIEF, CHIEF OF POLICE. THE HARRIS COUNTY SHERIFF. THE HARRIS COUNTY COMMISSIONER AND OTHER HARRIS COUNTY OFFICIALS SOUTH TEXAS I.S.F. TDCJ-ID, PAROLE DIVISION, ADMINISTRATORS. STATE OF TEXAS BOARD OF PARDONS AND PAROLE, BOARD ADMINISTRATORS. SECRETARY OF STATE, SPEAKER OF THE HOUSE, ATTORNEY GENERAL KEN PAXTON, BASED ON CONDITIONS DEFENDANT KNEW THEY WERE IN VIOLATION DONE IT ANY WAY. "LACK OF JURISDICTION MATTER." PLEA TO JURISDICTION HOWEVER, A FEDERAL DISTRICT COURT MUST APPLY THE PERSONAL JURISDICTION LAW OF THE STATE, IN WHICH IT IS SETTING SEE: FED. R. CIV. PROC. 4(E). AS A DISTRICT COURT SITTING IN TEXAS, THE DISTRICT COURT WAS OBLIGATED TO APPLY TEXAS LAW CONCERNING PERSONAL JURISDICTION. TEXAS HAS ALLOWED FOR THE EXERCISE OF PERSONAL JURISDICTION TO OUTER LIMITS OF DUE PROCESS UNDER FIFTH, EIGHTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. (1) VIOLATION OF FEDERAL AND STATE STATUTES CITY ORDINANCE WHICH FAIL TO PROVIDE FOR PROBLE CAUSE/ARRAIGNMENT HEARING IN CONNECTION OF ARREST VIOLATED DUE PROCESS (2) THE LEGALITY OF I.S.F. AFTER HIS ARREST PURSUANT TO AN ADMINISTRATIVE ORDINANCE (3) BOARD OF PARDONS AND PAROLE RETURN PLAINTIFF-APPELLANT BACK TO PRISON FAILING TO FOLLOW PENAL AND LEGISLATURE PROCEDURES REQUIRED BY FEDERAL AND STATE LAW.

THE PLAINTIFF-APPELLANT ASSERTS STATE OFFICIALS ENJOY A QUALIFIED IMMUNITY FOR ALL CONDUCT IN THEIR OFFICIAL CAPACITY. PLAINTIFF-APPELLANT TO BE ARRESTED AND SECURED. AND NOTIFIED THE EXECUTIVE AUTHORITY MAKING SUCH DEMANDS OR THE AGENCY OF SUCH AUTHORITY APPOINTED TO RECEIVE THE FUGITIVE. AND SHALL CAUSE THE FUGITIVE TO BE DELIVERED TO SUCH AGENCY WHICH HE SHALL APPEAR. THE STATE OF TEXAS ENFORCEMENT OFFICERS CAN NOT DISPUTE THE FACT THAT THEY

4.

FAIL TO COMPLY WITH THE MINIMAL PROCEDURES SET FORTH IN SECTION 2001.038 DECLARATORY JUDGMENT, THE DEPRIVATION OF ANY RIGHTS PRIVILEGES OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS. SEE: FED. R. CIVIL. PROC. RULE. 12(b)(6). FACTUAL ALLEGATION THAT ARE RELEVANT TO SUBJECT MATTER JURISDICTION. THE BURDEN SHOULD BE UPON THE DEFENDANTS.

15. UPON INFORMATION AND BELIEF, WITH RESPECT TO GROSS NEGLIGENCE DEFENDANTS KNEW OF THE FACTUAL ALLEGATION, FAIL TO INSPECT, FAIL TO ALLEVIATE OR REMOVE THE CONDITION REASONABLY OF WHICH IT WAS AWARE. AND THAT THE DEFENDANT'S CONDUCT WAS WILLFUL, WANTON OR GROSS NEGLIGENT.

16. EXACTLY TWO (2) YEARS AFTER PLAINTIFF-APPELLANT FILED SUIT AND AFTER DEFENDANT'S CONDUCTED DISCOVERY, THE DEPARTMENTS FILED A PLEA TO THE JURISDICTION AND MOTION TO DISMISS. WITH ARGUMENT THAT PLAINTIFF-APPELLANT ALLEGATIONS ARE INSUFFICIENT TO INVOKE A WAIVER OF THE DEFENDANTS SOVEREIGN IMMUNITY UNDER THE STANDARD ESTABLISHED IN VERNON'S TEXAS CODES ANNOTATED GOVERNMENT SECTIONS 2001.038. DECLARATORY JUDGMENT.

(a). THE VALIDITY OR APPLICABILITY OF A RULE INCLUDING AN EMERGENCY RULE ADOPTED UNDER SECTION 2001.034 MAY BE DETERMINED IN ACTION FOR DECLARATORY JUDGMENT IF IT IS ALLEGED THAT THE RULE OR ITS THREATENED APPLICATION INTERFERES WITH OR IMPAIRS, OR THREATENS TO INTERFERE WITH OR IMPAIR A LEGAL RIGHT OR PRIVILEGE OF THE PLAINTIFF.

(B). THIS ACTION MAY BE BROUGHT ONLY IN A TRAVIS COUNTY DISTRICT COURT.

(c). THE STATE AGENCY MUST BE MADE A PARTY OF THE ACTION.

(D). A COURT MAY RENDER A DECLARATORY JUDGMENT WITHOUT REGARD TO WHETHER THE PLAINTIFF REQUEST THE STATE AGENCY TO RULE ON THE VALIDITY OR APPLICABILITY IN QUESTION

(E). AN ACTION BROUGHT UNDER THIS SECTION MAY BE BROUGHT UNDER THIS SECTION MAY NOT BE USED FOR DELAY OR STAY A HEARING IN WHICH A SUSPENSION, REVOCATION, OR CANCELLATION OF A LICENSE BY A STATE AGENCY IS A ISSUE BEFORE AGENCY AFTER THE NOTICE OF THE HEARING HAS BEEN GIVEN.

PLAINTIFF-APPELLANT SUFFERS SEVERE INJURIES CAUSE BY THE DEFENDANTS GROSS NEGLIGENCE. THE DEFENDANTS KNEW OF THE VIOLATION DONE IT ANY WAY

17. DEFENDANT ACTIVITIES DID CONSTITUTE OBSTRUCTIONIST BEHAVIOR PURPOSELY JUSTIFIED REVOCATION OF THEIR CONSTITUTIONAL RIGHT TO SELF REPRESENTATION ISSUED BY THE ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN TEXAS ON THE 11TH DAY OF

5.

18. THE PRINCIPLE ISSUE IN THIS APPEAL IS WHETHER PLAINTIFF-APPELLANT CONSTITUTIONAL RIGHTS OF COMMUTATION OF SENTENCE. AT THE STATUS CONFERENCE PRIOR TO 11TH DAY OF DECEMBER A PROSPECTIVE BOARD MEMBER INVOLVEMENT. TWO (2) FIVE (5) YEAR DECISION NOT TO GRANT PAROLE-NEXT REVIEW DATE SEE: ATTACHED P.         PLAINTIFF-APPELLANT STRESSING THE IMPORTANCE TO THE DEFENSE OF THE DOCUMENTS IN T.D.C.J-ID. PAROLE DIVISION, ADMINISTRATORS. BOARD PANEL MEMBERS AND T.B.P.P. ADMINISTRATORS. BOARD PANEL MEMBERS. AND STATING: THE MOST IMPORTANT PART OF HIS CASE IS IN THE DOCUMENTATION. THE COURT MUST SEE THE PROOF OF PLAINTIFF-APPELLANT WORDS, IN OTHER WORDS. THAT PROOF IS IN LARGE QUANTITY AND LIES IN ADMINISTRATIVE AND BELONGING TO T.D.C.J-ID PAROLE DIVISION, BOARD PANEL MEMBERS AND T.B.P.P. BOARD ADMINISTRATORS PANEL MEMBERS. THE GOVERNMENT APPLIED EX PARTE FOR AN ORDER TO RETURN PLAINTIFF-APPELLANT RETURN TO T.D.C.J-ID. THE PLAINTIFF-APPELLANT WERE TRANSPORTED PURSUANT TO THE ORDER THAT WAS ISSUED, BUT THEY REFUSE TO LOOK AT THE DISCOVERY MADE BY THE JUDGMENT SEE: ATTACHED STATE'S EXHIBIT A P.         . YOUR HONOR, I AM NOT ASKING FOR HUNDREDS OF HOURS, REALLY, I'M ASKING TO THE RECORDS. TO CATEGORIZE THEM AT LEAST SO SOMEONE CAN FIND WHAT I AM REQUESTING. DOCUMENT NEEDED ARE AVAILABLE IN PLAINTIFF-APPELLANT PETITION RE: SUIT SEEKING DECLARTORY JUDGMENT, RESPONSE TO DEFENDANT'S ORGINAL ANSWER, OUTER TIME LIMIT PETITION AND DECLARATION FOR ENTRY OF DEFAULT FILED WITH THE 200TH JUDICIAL DISTRICT COURT

19. PLAINTIFF-APPELLANT SUSTAIN INJURIES AFTER RIUDCATION OF HIS MANDATORY UNSUPERVISED RELEASE AND RETURNING BACK TO T.D.C.J-ID- A NEGLIGENCE AND GROSS NEGLIGENCE. THE DEPARTMENTS FILED A PLEA TO THE JURISDICTION, TO WHICH IT ATTACHED SUPPORTING EVIDENCE, THAT SOVEREIGN IMMUNITY BARRED PLAINTIFF-APPELLANT CLAIMS, THE COURT DID NOT CONSIDER PLAINTIFF APPELLANT PLEADINGS FOR THE PURPOSE OF OBTAINING JURISDICTION.

THE COURT IN THIS CASE WAS REQUIRED TO EXAMINE THE EVIDENCE ON WHICH PARTIES RELIED TO DETERMINE IF A FACT ISSUE EXISTED REGARDING THE ALLEGED GROSS NEGLIGENCE OF THE DEPARTMENTS. PLAINTIFF-APPELLANT PLEAD GROSS NEGLIGENCE TO PLEADING ESTABLISHED SUBJECT MATTER JURISDICTION.

PLAINTIFF-APPELLANT WOULD SHOW THE COURT THAT THE OCCURRENCES

MADE THE BASIS OF THIS SUIT AND THE RESULTING INJURIES AND DAMAGES SET OUT WERE A DIRECT AND PROXIMATE RESULT OF DEFENDANTS NEGLIGENCE, FAILING TO FACTS THAT, IF TRUE WOULD ESTABLISH THAT THE CLAIMS COME WITHIN AN EXPRESS WAIVER OF DEFENDANTS SOVEREIGN IMMUNITY BEFORE THE TRIAL COURT HAS JURISDICTION TO PAROLEE.

20. PLAINTIFF-APPELLANT COMPLAINT HE IS ENTITLED ENTITLED TO MANDATORY RELEASE WITHOUT RELATED CONDITIONS, AS IN THE RECORD OF THE JUDGMENT. SEE: ATTACHED P.      , TEX GOV'T CODE ANN CH.508. DOES NOT CONTAIN AN EXPRESS EXCLUSION SPECIAL CONDITION S.I.S.P. IS PROHIBITED AS A CONDITION OF PAROLE OR MANDATORY SUPERVISION. THIS EXCLUSION SUGGESTS THERE ARE NO EXCLUSIONS. IF THE LEGISLATURE HAD INTENDED TO PROHIBIT SPECIAL CONDITION S.I.S.P. EXCEPT WHERE EXPRESSLY PROVIDED, IT COULD HAVE EXPRESSLY DONE SO. EVEN WHEN A LIBERTY INTEREST EXISTS IN THE EARLY RELEASE CONTEXT, RATHER, DUE DUE PROCESS REQUIRES SIMPLY THAT THE PLAINTIFF-APPELLANT PERSON BE GIVEN TIMELY NOTICE IN ADVANCE OF THE PAROLE PANEL'S CONSIDERATION OF THE MATTER AND THAT HE BE GIVEN A OPPORTUNITY TO SUBMIT ANY INFORMATION THAT HE FEELS BE RELEVANT TO THE PAROLE PANEL'S DECISION DIRECT EXAMINATION QUESTION OF FACT AND AN OPPORTUNITY TO RESPOND TO ALL THE BAD EVIDENCE THE PAROLE PANEL MAY HAVE RECEIVED CONCERNING PLAINTIFF-APPELLANT.

PLAINTIFF-APPELLANT DID NOT VIOLATE SPECIAL CONDITION S.I.S.P OF MANDATORY SUPERVISION THAT RESULTED IN THE REVOCATION OF HIS JANUARY 16, 2004, RELEASE BECAUSE VARIOUS STATUTES AND RELYING UPON DID NOT APPLY TO PLAINTIFF-APPELLANT.

21. RIGHTS TO RELEASE TAKEN BY SPEC

PLAINTIFF-APPELLANT UNIVERSAL DECLARATION OF HUMAN RIGHTS TO RELEASE TAKEN BY SPECIAL CONDITION ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 11TH DAY OF DECEMBER 2003. AN ADMINISTRATIVE RELEASE REPORT. LEGAL ACTION WITHOUT INTERFERENCE FROM PRISON STAFF, BUT MANY JUDGES STILL CONTINUE TO BELIEVE THAT THE COURTS SHOULD LET PRISON OFFICIAL MAKE THE RULES, NO MATTER WHAT THOSE OFFICIALS DID. JUDGES KEEP THEIR HANDS OFF PRISON ADMINISTRATION. 18 U.S.C. SECTION 3626(h)(3) TERM AND CONDITIONS OF PAROLE OR DIVERSIONARY PROGRAM: [...] 18 U.S.C. SECTION 3626. APPROPRIATE REMEDIES WITH RESPECT TO PRISON CONDITION (a)(i). PROSPECTIVE RELIEF

7.

IN ANY CIVIL ACTION WITH RESPECT TO PRISON CONDITIONS SHALL EXTEND NO FURTHER THAN NECESSARY TO CORRECT THE VIOLATION OF THE FEDERAL RIGHT OF A PLAINTIFF. THE COURT SHALL NOT GRANT OR APPROVE ANY PERSPECTIVE RELIEF UNLESS THE COURT FINDS THAT SUCH RELIEF IS NARROWLY DRAWN, EXTENDS NO FURTHER THAN NECESSARY TO CORRECT THE VIOLATION OF THE FEDERAL RIGHT, AND IS THE LEAST INTRUSIVE MEANS NECESSARY TO CORRECT THE VIOLATION OF THE FEDERAL RIGHT.

## VI
## JURISDICTION BASED ON GENERAL
## "ARISING UNDER PRINCIPLES

22. PLAINTIFF-APPELLANT CONTESTING TEXAS DEPARTMENT OF CRIMINAL JUSTICE, PAROLE DIVISION, BOARD ADMINISTRATORS PANEL AND TEXAS BOARD OF PARDONS AND PAROLES. BOARD ADMINISTRATORS, BOARD PANEL, HAS VIOLATED POST TRIAL RIGHTS AND OPTIONS THAT WERE FULLY PROTECTED.

23. PLAINTIFF-APPELLANT CONTENTION RECEIVED ADMINISTRATIVE ERROR MADE BY T.D.C.J-ID, PAROLE DIVISION, BOARD ADMINISTRATORS PANEL AND STATE OF TEXAS BOARD OF PARDONS AND PAROLE, BOARD ADMINISTRATORS PANEL, PERFORMANCE FALLS WITHIN THE WIDE RANGE OF REASONABLE PROFESSION OR STRATEGY, AND DUE PROCESS CLAUSE OF LAW PROVISION OF THE TEXAS CONSTITUTION SEE: U.S.C. CONST. AMEND XIV : TEX. CONST. ART.1. SEC.19, 565 SW.2d 938, 940. (TEX. CRIM.APP 1978) PAROLE WAS DEFICIENT WHEN THERE WAS NO PROPERLY EVIDENTIAL RECORD DEVELOPED.

THIS APTLY DEMONSTRATED WHAT TEXAS DEPARTMENT OF CRIMINAL JUSTICE, PAROLE DIVISION AND STATE OF TEXAS BOARD OF PARDONS AND PAROLES BOARD ADMINISTRATORS (PANEL MEMBERS) HAS LONG RECOGNIZED. LIES., WITHOUT DOUBT THE REVOCATION IS A CRITICAL STAGE OF THE PROCEEDINGS. IT IS THE ONLY OPPORTUNITY TO PRESENT TO THE TRIAL COURT CERTAIN MATTERS THAT MAY WARRANT REINSTATEMENT, AND MAKE A RECORD OF THE MATTER FOR REVIEW. HOWEVER, A SERIOUS PROBLEM ARISES WHEN, AS HERE, A CASE SOMETIMES SLIP(S) THROUGH THE CRACK AND NELECTED TO GIVE PLAINTIFF-APPELLANT PRESSING FACTUAL INFERENCE WITHOUT STATING THE UNDERLYING FACTS ON WHICH THE INFERENCE IS BASED 42 SW3d 291. SEE. U.S.C. AMEND XIV : TEX. CONST. ART.1. SEC.19 ATTY GEN HAD WAS WITHOUT PROPER EVIDENTIARY RECORD AT HEARING MAY 13, 2015. FOR A PLEA TO JURISDICTION SEE: JOHNSON 176 SW3d 74.79.

## VII
## ADMINISTRATIVE
## REMOVAL OF JURISDICTION

8

24. ALLEGATION CHALLENGING PLEA TO JURISDICTION - THE TEXAS PAROLE STATUS AND THE REVOCATION OF PLAINTIFF-APPELLANT JANUARY 16, 2004 RELEASE. ACCORDING THE STATE TAKES THAT POSITION THAT PLEA TO JURISDICTION IS NECESSARY. IT IS NOT. PAROLE REVOCATION PROCEDURES AND ISSUES. PROCEEDING THE DETENTION COMPLAINED OF DID NOT ARISE OUT OF PROCESS ISSUED BY A STATE COURT.

25. PLAINTIFF-APPELLANT IS NOT CONTESTING THE LEGALITY OF HIS CONVICTION OR THE VALIDITY OF HIS INITIAL SENTENCE OR JUDGMENT IN THE 185TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY RATHER HE IS CONTESTING THE MANNER IN WHICH ITS BEING EXECUTED BY THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, PAROLE DIVISION, ADMINISTRATORS BOARD PANEL MEMBERS AND STATE OF TEXAS BOARD OF PARDONS AND PAROLE BOARD ADMINISTRATORS PANEL MEMBERS PURSUANT TO THE PROVISIONS OF TEXAS GOVERNMENT CODE SECTION 2001.038 WHICH PROVIDE ORIGINAL JURISDICTION WHERE AN AGENCY RULE THREATENED OR IMPAIRED LEGAL RIGHTS OF PLAINTIFF-APPELLANT, STATUTES AND LEGISLATION PROHIBITED I PLAINTIFF-APPELLANT FROM UNDERTAKING CERTAIN ACTIVITIES, TO CONTINUE HIS EDUCATION, PARTICIPATING IN LABOR OCCURRED WITH REGARD TO ELECTRONIC MONITORING, URINALYSIS, DRIVING RESTRICTIONS AND CURFEW.

26. THE EVIDENCE IN THE RECORD CONCLUSIVELY SHOWS A FACTOR MERITING PAROLE REVOCATION, IN FACT THE RECORD IS DEVOID OF EVIDENCE PURSUANT TO WHAT AUTHORITY AND FOR THAT MATTER, IMPOSSIBLE FOR THE COURT TO DETERMINE DEFENDANT-APPELLEE UNSPECIFIED REVOCATION JURISDICTION CLAIM.

27. PLAINTIFF-APPELLANT MEET THE EXHAUSTION REQUIREMENT BECAUSE THE GOVERNMENT DID NOT RESPOND TO PLAINTIFF-APPELLANT ADMINISTRATIVE COMPLAINT WITHIN SIX MONTHS. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ARISES WHEN SOMEONE PURPOSEFULLY DOES SOMETHING OUTRAGEOUS THAT MAKE YOU FEEL UPSET. (1) THE DEFENDANT'S ACTED IN A WAY THAT IS EXTREMELY OR OUTRAGEOUS FOR THE PURPOSE OF CAUSING EMOTIONAL DISTRESS (2) THE PLAINTIFF-APPELLANT IS ACTUALLY SUFFERING SEVERE OR EMOTIONAL DISTRESS (3) THE DEFENDANT'S APPELLEE CONDUCT CAUSED THE EMOTIONAL DISTRESS

28. PLAINTIFF-APPELLANT ASSUME ITS SUBSTANTIALLY LIKELY THAT THE GOVERNOR AND OTHER EXECUTIVE AND CONGRESSIONAL OFFICIALS WOULD ABIDE BY AN ADMINISTRATIVE INTERPRETATION OF THE ADMINISTRATIVE RELEASE REPORT STATUTE AND CONSTITUTIONAL PROVISION BY THE 185TH JUDICIAL DISTRICT COURT HARRIS COUNTY, TEXAS DISTRICT COURT CAUSE NO. 375536 AND 375537, EVEN THOUGH THEY WOULD NOT BE DIRECTLY BY SUCH A DETERMINATION.

VIII.

ADMINISTRATIVE COMPLAINT

4.

29. UPON INFORMATION AND BELIEF PLAINTIFF-APPELLANT INDICATE THERE IS OPPOSITIONS ADMINISTRATIVELY TRANSLATES THE RESOLUTION OF THIS ISSUE IS FAR FROM BEING PROBLEM FREE. TRAVIS COUNTY COURT SHOULD HAD SUBJECT MATTER JURISDICTION OVER PLAINTIFF APPELLANT'S CLAIM. PLAINTIFF APPELLANT ARGUE CONVERSELY, WHILE SUBJECT MATTER JURISDICTION IS CHALLENGED UNDER FEDERAL RULE CIVIL PROCEDURE 12(b)(1). PLAINTIFF-APPELLANT HAS THE BURDEN OF PROVING JURISDICTION IN ORDER TO SURVIVE THE MOTION. PERHAPS EVEN MORE IMPORTANTLY, WHEN A RULE 12(b)(6) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. MOTION IS CONVERTED TO A RULE 56. MOTION FOR SUMMARY JUDGMENT. THE COURT, UPON FINDING A GENUINE ISSUE AS TO MATERIAL FACTS MUST DENY THE MOTION, WHEREAS ON A RULE 12(b)(1) CHALLENGE TO SUBJECT MATTER JURISDICTION, THE COURT IS EMPOWERED TO RESOLVE FACTUAL DISPUTES. PLAINTIFF-APPELLANT RESPOND TO DEFENDANT PLEADINGS.

30. PURSUANT TO RULE 57 FEDERAL RULE CIVIL PROCEDURE FOR OBTAINING A DECLARATORY JUDGMENT UNDER VERNON'S TEXAS CODE ANNOTATED SECTION 2001.038. SEEKING DECLARATORY JUDGMENT THE ACTION MAY BE BROUGHT ONLY IN A TRAVIS COUNTY DISTRICT COURT. EVIDENCE DID NOT SUPPORT DETERMINATION THAT DEFENDANT HAD ENGAGED IN DELAY OR CONTAMACIOUS CONDUCT SO CLEAR AS TO SUSTAIN DEFAULT JUDGMENT. FEDERAL RULE CIVIL PROCEDURE 55(b)(2). 28 U.S.C.A. APPLICABILITY OF GENERAL RULE 81(d)(1) LAW APPLICABLE.

31. UPON INFORMATION AND BELIEF THE ISSUE IS WHETHER TEXAS DEPARTMENT OF TEXAS DEPARTMENT OF CRIMINAL JUSTICE, PAROLE DIVISION AND T.BP.P. DEFENDANT IN A SUIT MAY 13, 2015, "APPEARED" IN ACTION, WITHIN THE MEANING OF FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2), WHEN IN MAILED A MOTION TO DISMISS TO THE CLERK OF THE COURT AND SENT A COPY TO THE PLAINTIFF-APPELLANT "HOWEVER" BUT THE CLERK REFUSE TO FILE AND RETURN IT TO THE PARTY BECAUSE THE MOTION DID NOT COMPLY WITH THE LOCAL RULES.

32. UPON INFORMATION AND BELIEF RULE 52 OF THE FEDERAL RULES OF CIVIL PROCEDURE PROVIDES WITH RESPECT TO FINDINGS OF FACT, WHETHER BASED ON ORAL OR DOCUMENTARY EVIDENCE. TO SUPPORT IT. A DEFENDANT IN FEDERAL COURT IS ENTITLED TO AN ADEQUATE OPPORTUNITY TO PRESENT A DEFENSE WITHOUT SUFFERING A POSSIBLE DEFAULT JUDGMENT. FEDERAL RULE CIVIL PROCEDURE 55(a). PERMITS A DEFAULT AGAINST A PARTY WHICH IT HAD A POSSIBLE PURPOSE TO DEFEND THE SUIT: THUS REQUIRING COMPLIANCE WITH THE PROVISIONS OF RULE 55(b/2).

33. Upon Information and Belief Plaintiff-Appellant Object the Courts Jurisdiction Limit.

34. Upon Information and Belief Plaintiff-Appellant Object Plaintiff-Appellant Is Required To Show Facts the Merit Be Characterized As Primarily Jurisdiction.

35. Upon Information and Belief Plaintiff Appellant Object the Facts Pled Affirmatively Demonstrative Demonstrate That Jurisdiction Exist.

36. Upon Information and Belief Plaintiff-Appellant Object A Plea Should Not Be Granted If A Fact Issue Is Presented As To The Court's Jurisdiction. Legislature Statute Tex. Const. Art. 1. Sec. 17. Establish A Taking Claim Under Art 1. Sec. 17.

37 Upon Information And Belief As A Thresh Matter, The Appropriate Standard For Review To Utilize When Assessing The Court Ruling On Administrative Action Is Not Reflected By The Record or Perform An Illegal Act or Some Extention Thereof.

38. Suffered Grievous Loss For Such Procedural Protections As The Particular Situation Demands. Procedures Due Process Has Been Effected By Governmental Action U.S. Const. Amend V. 14. Its Termination Calls For Some Orderly Process. However Informal.

39. Plaintiff Appellant Have Not Been Given An Opportunity For A Hearing. Prior To The Final Decision On Revocation By The Parole Authority. A Hearing Basis For More Than Determining Probable Cause: One That Leads To A Final Evaluation of Any Contested Relevant Facts And Consideration of Whether The Facts Determined Warrant Revocation. Plaintiff Appellant Must Be Given A Opportunity To Be Heard And To Show; If He Can, The He Did Not Violate The Conditions On If He Did; That Circumstances In Mitigation Suggest That The Violation Does Not Warrant Revocation.

40. To Warrant The Plaintiff-Appellant Continued Detention And Return To The State Correctional Institution Pending The Final Decision. Revocation Is Not Based On Conviction of Another Crime. Courts Reasoned That Parole Is Only A Correctional Device Authorizing Service of Sentence Outside The Penitentiary "443 F2d 475] 442. 447. The Parolee Is Still 'In Custody". Accordingly. The Court of Appeal Was Of The View That Prison Officials Must Have Large Discretion In Making Revocation Determinations. And That Courts Should Retain Their Traditional Reluctance To Interfere With Disciplinary Matters Properly Under The Control

OF STATE PRISON AUTHORITY.

41. EXAMINATION OF THE NATURE OF THE INTEREST OF THE PLAINTIFF APPELLANT INTEREST OF LIBERTY. THE LIBERTY OF PLAINTIFF APPELLANT ENABLES HIM TO DO WIDE RANGE OF THINGS WHO NEVER HAD BEEN CONVICTED OF A CRIME. THE PLAINTIFF-APPELLANT HAS BEEN RELEASED FROM PRISON BASED ON EVALUATION THAT HE SHOWS REASONABLE PROMISE OF BEING ABLE TO RETURN TO SOCIETY AN FUNCTION AS A RESPONSIBLE, SELF-RELIANT PERSON. SUBJECT TO THE CONDITIONS OF HIS RELEASE-PAROLE. HE CAN BE GAINFULLY EMPLOYED AND IS FREE TO BE WITH HIS FAMILY AND FRIENDS AND TO FORM THE ENDURING ATTACHMENTS OF NORMAL LIFE.

42. IT IS NOT SOPHISTIC TO ATTACH GREATER IMPORTANCE TO A PERSON'S JUSTIFIABLE RELIANCE IN MAINTAINING HIS CONDITIONAL FREEDOM SO LONG AS HE ABIDES BY THE CONDITIONS OF HIS RELEASE, THEN HIS MERE ANTICIPATION OR HOPE OF FREEDOM.

43. PLAINTIFF APPELLANT CONDEMNED TO SUFFER GRIEVOUS LOSS AS TO REQUIRE CITATION OF AUTHORITY THAT DUE PROCESS IS FLEXIBLE AND CALLS FOR SUCH PROCEDURAL PROTECTIONS AS THE PARTICULAR SITUATION DEMANDS. FIFTH AND FOURTEENTH AMENDMENTS. ADMINISTRATIVELY INTOLERABLE. PAROLE HAS DESTROYED PLAINTIFF APPELLANT TO NORMAL AND USEFUL LIFE WITHIN THE LAW.

44. PLAINTIFF APPELLANT ADMINISTRATIVE RELEASE ARREST OF PAROLE AND PRELIMINARY HEARINGS THE REVOCATION'S HEARINGS CERTAIN PRINCIPLES HAVE REMAINED RELATIVELY IMMUTABLE IN JURISPRUDENCE. ONE OF THESE IS WHERE GOVERNMENTAL ACTION SURELY INJURIES AN INDIVIDUAL, AND THE REASONABLENESS OF THE ACTION DEPENDS ON FACT FINDINGS. EVIDENCE USED TO PROVE THE GOVERNMENTS CASE MUST BE DISCLOSED TO THE INDIVIDUAL SO THAT HE HAS AN OPPORTUNITY TO SHOW THAT IT IS UNTRUE, WHILE THIS IS TRUE IN THE CASE OF DOCUMENTARY EVIDENCE, IT IS EVEN MORE IMPORTANT WHERE THE EVIDENCE CONSIST OF THE TESTIMONY OF INDIVIDUALS WHOSE MEMORY MIGHT BE FAULTY, OR WHO IN FACT, MIGHT BE PERJURERS OR PERSONS MOTIVATED BY MALICE, VINDICTIVENESS, INTOLERANCE, PREJUDICE, OR JEALOUSY. PLAINTIFF-APPELLANT RECEIVED UNCONSTITUTIONAL INFRINGEMENT OF POWER OF ADMINISTRATIVE AN JUDICIARY SEE: MORRISSEY ETAL V. BREWER. NO. 71-5103 SUPREME COURT OF UNITED STATES 408 U.S. 471; 92 SCT 2593; 33.L.ED.484; 1972.

45. PLAINTIFF APPELLANT EDDIE DON JOHNSON BROUGHT THIS ACTION IN THE TEXAS COURT SEEKING PRIMARILY TO ALLEGE DEPRIVATION OF LIFE, LIBERTY UR DUE COURSE OF LAW OR SOME EXTENSION THEREOF. PLAINTIFF APPELLANT ALSO ASSERT JUDICIAL ALLEGATIONS UNDER STATE.

12.

46. UPON INFORMATION AND BELIEF SPECIFY INVALID PRESENTATION OF DEFENDANT'S FAILURE A DULY AUTHORIZED AGENT OR LEGAL REPRESENTATIVE SATISFACTORY TO THE GOVERNMENT IS TO SUBMIT WITH SAID RESPONSE ESTABLISHING EXPRESSING AT ACT FOR THE DEFENDANT. A CLAIM PRESENTED BY AN AGENT OR LEGAL REPRESENTATIVE IT MUST SHOW THE TITLE OR LEGAL CAPACITY OF THE PERSON 18 U.S.C. SECTION 3626 DETAINEE U.S. 28 SECTION 1331 STATES ARBITRARY ARREST AND DETENTION AND THE ARREST THE RIGHT TO FAIR AND PUBLIC HEARING IT ALSO ENSHRINES THE RIGHT TO AN ADEQUATE STANDARD OF LIVING FOR HEATH AND WELL BEING. THE RIGHT TO WORK, EDUCATION, MEDICAL CARE AND OTHER ESSENTIAL SERVICES. AS WELL AS THE RIGHT TO FREEDOM OF OPINION, EXPRESSION AND PEACEFUL ASSEMBLY AND ASSOCIATION AMONG OTHERS: TITLE II OF THE CIVIL RIGHTS ACT 1964 42 U.S.C.A. SECTION 2000e ET 42 U.S.C.A 1481 EQUAL RIGHTS UNDER LAW AND THE THIRTEENTH AMENDMENT.

47. UPON INFORMATION AND BELIEF A PARTY MAKES A GENERAL APPEARANCE WHENEVER IT INVOKES THE JUDGMENT OF THE COURT ON ANY QUESTION OTHER THAN JURISDICTION, OUTER TIME LIMIT TO COMPLETE APPREHENSION OF THE PLAINTIFF APPELLANT FOR THE PURPOSE OF SECURING THE ADMINISTRATIVE RELEASE REPORT FOR ADMINISTRATION BASED ON RULES WERE NOT ADOPTED IN SUBSTANTIAL COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR AGENCY RULEMAKING CONTAINED IN THE ADMINISTRATIVE PROCEDURE ACT.

48. UPON INFORMATION AND BELIEF (1) PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 55 (b). AFTER ARREST BUT WHICH FAILED TO PROVIDE FOR ANY HEARING WITH RESPECT TO PRIVATE INTEREST THAT WILL BE EFFECTED BY THE OFFICIAL ACTION (2) THE RISK OF AN ERRONEOUS DEPRIVATION OF SUCH INTEREST THROUGH PROCEDURES USED, AND THE PROBABLE VALUE, IF ANY, OF ADDITIONAL OR SUBSTITUTE PROCEDURAL SAFEGUARDS; AND FINALLY, THE GOVERNMENT'S INTEREST INCLUDING THE FUNCTION INVOLVED AND THE FISCAL AND ADMINISTRATIVE BURDENS THAT ADDITIONAL OR SUBSTITUTE PROCEDURAL REQUIREMENT WOULD ENTAIL. FAILED TO COMPLY WITH THE DUE PROCESS CLAUSE.

## N.
## EXHAUSTION OF LEGAL REMEDIES

49. PLAINTIFF-APPELLANT EDDIE DON JOHNSON, USED THE PRISONER GRIEVANCE PROCEDURE AVAILABLE JAMES A. LYNAUGH TO TRY AND SOLVE THE PROBLEM. OCT 18, 2005,

PLAINTIFF APPELLANT PRESENTED THE FACTS RELATING TO THIS COMPLAINT. ON OCT 18, 2005. GOT RESPONSE SAYING THAT THE ISSUE PRESENTED IS NOT GRIEVABLE. SEE: ATTACHED P.

## X.
### UNDISPUTED FACTS NOT QUESTIONED OR CHALLENGED

50. COURT PROCEDURES, RULES AND REGULATION OF THE COURT SYSTEM CONSTITUTIONAL RIGHTS EDDIE DON JOHNSON TO HUMAN DECLARATORY RIGHTS WERE DENIED. ARRAIGNMENT. THE MOST IMPORTANT PART OF HIS CASE IS IN THE DOCUMENTATIONS. THE COURT MOST MUST SEE THE PROOF OF OUR WORDS. IN OTHER WORDS. DEFENSE HAS NOT OBTAINED A COURT ORDER TO MAKE DOCUMENTATIONS AVAILABLE TO DEFENSE OR DEFENDANT AT THE SAME TIME. CAN SHOW STEPS IN THE COURSE OF BUSINESS TO ILLUSTRATE FOR DEFENDANT'S AMENDED PLEA TO THE JURISDICTION AND THAT PLAINTIFF APPELLANT CLAIMS BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION WHO WAIT FOR PAROLE OR OCTOBER 2011. RELEASE INHILE DEFENSE PROVE THEIR INNOCENCE WITH NOTHING TO WORK WITH - TO MAKE AND ADEQUATE DEFENSE.

51. SOMETHING THAT ACTUAL EXIST. AN ASPECT OF REALITY. TANGIBLE THINGS. ACTUAL OCCURRANCES, AND RELATIONSHIPS, BUT ALSO STATES OF MIND SUCH AS INTENTIONS AND OPINIONS. (2) AN ACTUAL OR ALLEGED EVENT OR CIRCUMSTANCE. AS DISTINGUISHED FROM ITS LEGAL EFFECT. CONSEGUENCES OR INTERPRETATION A FACT IS ANY ACT OR CONDITION OF THINGS. ASSUMED (FOR THE MOMENT) AS HAPPENING EXISTING (CHAIRMAN) RISSIE OWENS COULD HAVE DISCOVERED PAROLE SUPERVISOR JACQUELINE CHERRER DID IMPOSE CONDITION Y ON PLAINTIFF-APPELLANT AND SHOULD BE IN COMMUNICATION CLASH WITH HER FOR DOING SO.

52. COURT SHOULD DECIDE DILATORY PLEA EARLY AT THE PLEADING STAGE OF LITIGATION IF POSSIBLE. HENCE THE LEGISLATURE'S MANDATE IS NOT SO SIMPLE. BUT BY STATUTE CAUSE OF ACTION SOVEREIGN IMMUNITY FOR NEGLIGENT USE OF THE DEFENDANT'S (1) THE DEPARTMENT TO SPECIFY WHETHER IS TO PLEA TO JURISDICTION IS A CHALLENGE TO THE PLEADING [BY SPECIAL CONDITION EXCEPTION] ON THE EVIDENCE BY SUMMARY JUDGMENT. (2) THE DEPARTMENT'S TO RESPOND IN COMPLIANCE WITH THE RULES OF CIVIL PROCEDURE. ADDRESSING THE GOVERNMENTAL IMMUNITY WOULD CLARIFY WHAT THE JURISDICTION BY CONTRAST. RELYING ON STANDARD PROCEDURAL MOTION WOULD ELIMINATE MANY QUESTIONS ABOUT DEADLINES. FORMS. AND EVIDENCE

## XI.
### SENSITIVE DATA
SENSITIVE DATA

53. DESCRIPTION OF THE FACTS IN A WAY THAT WHAT HAPPENED. WHERE. WHEN. HOW. BY TIME. DATE. OR EVENT.

14.

# XII
## FACTS AND PROCEEDING.

54. UPON INFORMATION AND BELIEF PLAINTIFF-APPELLANT CLAIM THAT EVIDENCE OF A ADMINISTRATION'S KNOWLEDGE AND COMPLIANCE WITH ADMINISTRATIVE RELEASE STANDARD IS RELEVANT TO DETERMINATION AND APPLICATION OF STATE LAW.

IN 1981, TEXAS LEGISLATURE ENACTED TEX. GOV'T. CODE CODE ANN. SECTION 499.027. ELIGIBLE INMATES. (b). AN INMATE IS NOT ELIGIBLE UNDER THIS SUBCHAPTER TO BE CONSIDERED FOR RELEASE TO INTENSIVE SUPERVISION PAROLE IF: FOR AN OFFENSE FOR WHICH THE JUDGMENT CONTAINS AN AFFIRMATIVE FINDING UNDER SECTION 3F(A)(2). ARTICLE 42.12 CODE OF CRIMINAL PROCEDURE SECTION 19.02, MURDER.

55. PLAINTIFF-APPELLANT REFUSAL TO ATTEND WEEKLY MEETING AND REFUSING TO WEAR ELECTRONIC MONITORING DEVICE FURNISH NO BASIS FOR AN ARREST. ALTHOUGH IT MAY ALERT THE ADMINISTRATIVE OFFICE TO THE NEED TO THE PROPER CIRCUMSTANCES, SUCH AS THOSE IN PLAINTIFF APPELLANT JUDGMENT.

PLAINTIFF APPELLANT JANUARY 16, 2004, RELEASE IN PROVISION OF THE 19.02 PENAL CODE OF THE 65TH LEGISLATURE AND PROVISIONS OF LEGISLATURE AT ISSUE WAS CONSTITUTIONAL APPLIED. PAROLE BOARD CHAIRMAN GAVE ERRORED INSTRUCTIONS, MISLEADING OR STATES THE LAW INCORRECT A VIOLATION OF STATE LAW. FEDERAL RULE OF CIVIL PROCEDURE RULE 51(d)(2) PLAIN ERROR AFFECTS SUBSTANTIAL RIGHTS

56. VERNON'S TEXAS CODE ANNOTATED, VERNON'S TEXAS CODE AND STATUTE ANNOTATED CONDUCT CRIMES NOT EMOTIONS. THE CONSTITUTION OF THE UNITED STATES ARTICLES IN ADDITION TO AND AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA. PROPOSED BY CONGRESS. AND RATIFIED BY THE LEGISLATURE'S OF THE SEVERAL STATES PURSUANT TO THE FIFTH ARTICLE OF THE ORIGINAL CONSTITUTION AMENDMENT IV THE RIGHTS OF THE PEOPLE TO BE SECURED IN THEIR PERSONS, HOUSES, PAPERS AND EFFECTS AGAINST UNREASONABLE SEIZURES SHALL NOT BE VIOLATED. AND NO WARRANTS SHALL BE ISSUE. BUT UPON PROBABLE CAUSE, SUPPORTED BY AFFIRMATIVELY, DESCRIBING THE PLACE TO BE AND THE PERSON TO BE SEIZED.

57. TO ESTABLISH JURISDICTION FAILURE TO EXERCISE THE STANDARD OF CARE THAN A REASONABLE PRUDENT PERSON WOULD HAVE EXERCISED IN A SIMILAR SITUATION.

DEFENDANT'S CONDUCT FAIL BELOW THE LEGAL STANDARD ESTABLISHED TO PROTECT AGAINST UNREASONABLE RISK OF HARM DEFENDANT'S CONDUCT IS INTENTIONALLY, WANTONLY, OR WILLFULLY DISREGARDFUL OF PLAINTIFF APPELLANT RIGHTS, THE DOING OF WHAT A REASONABLE AND PRUDENT PERSON WOULD NOT DO UNDER THE PARTICULAR CIRCUMSTANCES OR THE FAILURE TO DO WHAT SUCH A PERSON WOULD DO UNDER THE CIRCUMSTANCES.

TO ESTABLISH JURISDICTION PLAINTIFF APPELLANT EXPLAIN THAT BECAUSE A COURT NOT ACT WITHOUT DETERMINING THAT IT HAS SUBJECT-MATTER JURISDICTION TO DO SO. IT SHOULD HEAR EVIDENCE AS NECESSARY TO DETERMINE THE ISSUE BEFORE PROCEEDING WITH THE CASE.

## XIII.

## CONCLUSION

58.     UPON INFORMATION AND BELIEF DESCRIPTION OF THE FACTS IN DETAIL ARE THE BASIS FOR THIS APPEAL. INCLUDING WHAT HAPPENED; WHERE, WHEN, HOW AND WHO WAS THERE BY TIME, DATE OR EVENT.

PLAINTIFF APPELLANT STRESS THE IMPORTANCE TO THE COURT. THE MOST IMPORTANT PART OF HIS CASE IS IN THE DOCUMENTATION. PLAINTIFF APPELLANT IS ELIGIBLE FOR RELEASE FROM PRISON TO MANDATE UNSUPERVISE RELEASE BUT SUCH RELEASE WAS DENIED. SEE. TEX. GOV'T CODE SECTION 508.147, 149. PLAINTIFF APPELLANT ARGUE THAT DUE PROCESS RIGHT WELL VIOLATED BECAUSE THE TEXAS BOARD OF PARDONS AND PAROLES DID NOT PROVIDE HIM NOTICE OF SPECIAL CONDITION SISP. FOR RELEASE TO DISCRETIONARY MANDATORY SUPERVISION, BEFORE MAKING ITS DECISION. THUS PLAINTIFF APPELLANT HAS NEVER BEEN INFORMED IN WHAT RESPECT HE FALLS SHORT OF QUALIFYING FOR RELEASE. PURSUANT 28 U.S.C. SECTION 2241 UNITED STATES V. GABOR 905 F2d 76. 77. 78 (5TH CIR 1990) PLAINTIFF APPELLANT CLAIM THAT DUE PROCESS VIOLATION OCCURRED WHEN HE WAS GIVEN A "PAROLE RELEASE" RATHER THAN A CERTIFICATE OF DISCHARGE.

THE INCONSISTENCY WAS CORRECTED IN 1985, WHEN THE LEGISLATURE FORMALLY NOTED THE PRACTICE OF DISCHARGE OF A SENTENCE. SEE: ACTS 1985, 69 LEG, CH.239 SECTION 80 (2). THE REPEALING ACT PROVIDED THAT IT DID NOT APPLY TO INMATES WHO HAD LESS THAN TWELVE MONTHS REMAINING BEFORE BEING ELIGIBLE FOR A DISCHARGE CERTIFICATE. PLAINTIFF APPELLANT CONTEND THAT HE MET THIS CRITERION (....). PLAINTIFF APPELLANT CONTEND THAT HE WAS DENIED DUE PROCESS IN CONNECTION (1). VIOLATING REFUSING TO WEAR AN ELECTRONIC MONITORING DEVICE (2) HIS RETURN TO T.D.C.J-ID. PLAINTIFF APPELLANT NEVER GIVEN OPPORTUNITY TO OFFER MITIGATING EVIDENCE. LITTLE AUTHORITY EXISTS TO ELICIT FACTS NECESSARY TO HELP HEARING OR COURT TO DISPOSE OF THE

MATTER AS LAW AND JUSTICE REQUIRE. IN SUCH PROCEEDING PLAINTIFF APPELLANT SET FORTH SPECIFIC ALLEGATIONS OF FACTS. EXCEPTIONAL CIRCUMSTANCES WARRANT SUCH AN APPOINTMENT OF COUNSEL.

59. BASED ON THE FOREGOING ELECTRONIC MONITORING CONDITION IMPOSED UPON RELEASE. AS A PREQUISITE TO RELEASE. PLAINTIFF APPELLANT TO ABIDE BY THE CONDITIONS OF PAROLE. PLAINTIFF APPELLANT STATE A FEDERAL CONSTITUTIONAL VIOLATION ENTITLING HIM TO DECLARATORY JUDGMENT WITH REGARD TO THIS TIME IMPLICATE DUE PROCESS CONCERNS.

60. THE DEFENDANT CAUSED WILLFUL OR MALICIOUS INJURY. PLAINTIFF APPELLANT SUFFERING SEVERE INJURIES CAUSED BY DEFENDANTS GROSS NEGLIGENCE. DETERMINATION WHETHER JURISDICTION BY REFERENCE TO PLEADING EVIDENCE. DILATORY TACTICS DENIED THE REMEDY TO INJURY DEFENDANTS OBJECTING TO VENUE PLAINTIFF APPELLANT MUST COMPLY WITH REQUIREMENT OF APPEAL OF RULE AND DEADLINES MAY LOSE CASE IF HE GUESS WRONG. SOLELY BY EVIDENCE.

## VX.
## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF APPELLANT RESPECTFULLY PRAYS THIS APPEAL ENTER JUDGMENT GRANTING PLAINTIFF APPELLANT:

61. FATHER INTO YOUR HANDS I COMMITT MY SPIRIT AND ABSOLUTE TRUST. OUR BLESSED LORD STATED THE TRUTH. THE FACT. OF THIS THING. GOD GRANT THE WE ALL BE IN THE BLESSED POSITION.

62. A DECLARATORY THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF APPELLANT RIGHTS UNDER THE STATE LAW. CONSTITUTION AND LAWS OF THE UNITED STATES.

63. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING RISSIE OWENS TO RELEASE PLAINTIFF APPELLANT.

64. COUNTERBALANCE ALL OPPORTUNITIES AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

17.

65. Reverse the panel decision entered and withdraw the Board's revocation warrant against plaintiff appellant.

66. Release from substantial error in the revocation.

67. Counterbalance violation of legal rights, for which the law provides a remedy or justice, on all issues triable by jury.

68. Counterbalance the existence of a duty on the part of the defendant to protect plaintiff appellant from the injury complained of in this suit.

69. Counterbalance injury to the plaintiff appellant from defendant's failure culpable carelessness. Any additional relief this court deem just, proper and equitable.

June 18, 2015

Respectfully submitted

Eddie Don Johnson #364033

## XV.
## Verification

I Eddie Don Johnson, TDCJ-ID #364033 being presently incarcerated in James A. Lynaugh Unit, Pecos County Texas, have read the foregoing complaint and hereby verify that the matters alleged therein are true; except as the matter alleged upon information and belief, and as to those I believe them to be true. I verify under penalty of perjury that the foregoing is true and correct.

Eddie Don Johnson #364033
Eddie Don Johnson #364033

## XVI.
## Certificate of Service

I certify that pursuant to TRCP 21 and 21d a true and correct of the appeal brief appeal number 03-15-00343-CV trial court case number D-1-GN-13001602

18.

EDDIE DON JOHNSON

l.

STATE OF TEXAS



EXECUTED AT FORT STOCKTON, TEXAS 79735-9795



JUNE 18, 2015

SIGNATURE

*Eddie Don Johnson #364033*
EDDIE DON JOHNSON #364033

19

PAGES _20_ THRU _68_ ARE EVIDENTIAL DOCUMENTS VIOLATIONS EXIST. I'M NOT ABLE OR PERMITTED COPIES. LIMITED PLAINTIFF-APPELLANT TO PROVIDE ADEQUATE COPIES.

## SENSITIVE DATA

WRITTEN STATEMENTS, ORIGINALS OR COPIES, IDENTIFIABLE AS REPORTS ABOUT THE TECHNIQUES WHAT HAPPENED. WHERE, WHEN, HOW, WHO WAS THERE. DESCRIPTION OF THE FACTS BY TIME, DATE, OR EVENT.

Eddie Dean Johnson #364033
6-18-15

MINUTES OF THE *125th* DISTRICT COURT OF HARRIS COUNTY, TEXAS

AT THE *August* TERM, A. D. 19 *83*

*0903-20*

CRIMINAL JUSTICE PLANNING FUND FEE ASSESSED........................$20.00
LAW ENFORCEMENT OFFICER STANDARDS AND EDUCATION FUND.............. 1.00
CRIME VICTIMS COMPENSATION FUND.................................. 15.00
                                        TOTAL.....................~~$36.00~~ *41.00*

## JUDGMENT

NO. *375536*

THE STATE OF TEXAS

v.                                                    Date *August 15*            19 *83*

*Eddie Don Johnson aka Cookie*

| | | |
|---|---|---|
| Attorney for State | : | Asst. Dist. Atty. *Larry Ackreva* |
| Attorney for Defendant | : | *Wes Hocker* |
| Waiver of Attorney | ☐ : | The defendant knowingly, intelligently and voluntarily waived the right to representation by counsel |

Offense *Murder as charged in two paragraphs and that he heretofore has once previously been convicted of a felony offense, but upon motion of the State the enhancement paragraph was abandoned and dismissed, defendant on trial for Murder*

Date of Offense          :          *October 29*   A. D. 19 *82*

Plea                     :          Not Guilty

Count and/or
Paragraph                :          *Count 1  Paragraph 1 and 2*

Plea to Enhancement.
Findings on Enhancement  :          *N/A*

Punishment               :          *60 years Texas Department of Corrections*

Sentence to begin        :          *November 21, 1982*

The Defendant having been indicted in the above entitled and numbered cause for the felony offense indicated above, and this cause being this day called for trial, the State appeared by her District Attorney as named above, and the Defendant named above, appeared in person and either by counsel as named above or waived counsel as indicated above, and both parties announced ready for trial.  And the Defendant, in person and in writing, in open court, having waived his right of trial by jury, had the indictment read to him, and in open court pleaded not guilty. And after hearing the evidence submitted and arguments of counsel, the Court found the Defendant guilty of the offense indicated above, a felony, and assessed the punishment at confinement in the Texas Department of Corrections for the period indicated above.

It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense indicated above, a felony, that the defendant committed said offense on the date indicated above, that he be punished by confinement in the Texas Department of Corrections for the period indicated above and that the State of Texas do have and recover of the Defendant *A/2* all costs of the prosecution, for which execution will issue.

*B10*

STATE'S EXHIBIT A

20.

And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of the said Defendant, to pronounce sentence against him as follows, to wit: "It is the order of the Court that the Defendant, named above, who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Texas Department of Corrections for the period indicated above, be delivered by the Sheriff of Harris County, Texas, immediately to the Director of Corrections of the State of Texas, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Department of Corrections for the period indicated above in accordance with the provisions of the law governing the Texas Department of Corrections."

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

Signed and entered on this the 16 day of August , A. D. 1983.

_____
Judge, 185th District Court
of Harris County, Texas

, and the Court further found that a deadly weapon, to-wit, a firearm, was used during the commission of this offense

ON this the 13th day of September, A.D. 1983, the Court having overruled Defendant's motion for new trial,

To which action of the Court the Defendant then and there, in open Court excepted and gave notice of appeal to the Court of Appeals in the State of Texas, Houston, Texas.

And inasmuch as said Defendant has given notice of appeal herein, execution of the Sentence is deferred to await the Judgment and order of our Court of Appeals in this behalf.

B11

On this the 28th day of December, A.D. 1984 mandate of affirmance received from the 14th Court of Appeals, Houston, Texas.
kj

On this the 3rd day of January, A.D. 1985 mandate alias capias issued.
kj

(F)

Be it remembered on the 4th day of January, A.D. 1985 sheriff return was recieved showing the defendnant was placed in jail on the 22nd day of November, A.D. 1982. It is therefore the Order of the Court that sentence is to begin on November 22, 1982.
CD

This sentence to begin on 11-22-82 and the Sheriff of Harris County, Texas is hereby directed to attach to the committing papers a statement assessing the defendants conduct while in jail in said cause.

21.

MINUTES OF THE _____ DISTRICT COURT OF HARRIS COUNTY, TEXAS
AT THE _August_ TERM, A. D. 19__

JUDICIAL JUSTICE PLANNING FUND FEE ASSESSED...........
LAW ENFORCEMENT OFFICER STANDARDS AND EDUCATION FUND.........20.00
CRIME VICTIMS COMPENSATION FUND...................1.00
TOTAL....................15.00
                                                          41.00

**J U D G M E N T**

NO. 375637

THE STATE OF TEXAS

Billie Don Johnson aka Cookie        Date August 15        19__

Attorney for State        :    Asst. Dist. Atty. _____

Attorney for Defendant    :    Wes Hocker

Waiver of Attorney    ☐    The defendant knowingly, intelligently and voluntarily
                           waived the right to representation by counsel

_Murder as charged in two paragraphs and that he had previously been convicted of a felony offense, but upon motion of the State the enhancement paragraph was abandoned and dismissed. Defendant on trial for murder_

Date of Offense    :        October 27        A. D. 19__

Plea               :    Not Guilty

Count and/or
Paragraph          :    Count 1 Paragraph, 1 and 2

Plea to Enhancement.
Findings on Enhancement    :    N/A

Punishment         :    60 years Texas Department of Corrections

Sentence to begin  :    November 21, 1982

The Defendant having been indicted in the above entitled and numbered cause for the felony offense indicated above, and this cause being this day called for trial, the State appeared by her District Attorney as named above, and the Defendant named above, appeared in person and either by counsel as named above or waived counsel as indicated above, and both parties announced ready for trial. And the Defendant, in person and in writing, in open court, having waived his right of trial by jury, had the indictment read to him, and in open court pleaded not guilty. And after hearing the evidence submitted and arguments of counsel, the Court found the Defendant guilty of the offense indicated above, a felony, and assessed the punishment at confinement in the Texas Department of Corrections for the period indicated above.

It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense indicated above, a felony, that he be punished by confinement in the Texas Department of Corrections for the period indicated above, and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which execution will issue.

STATE'S
EXHIBIT
4

And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of the said Defendant, to pronounce sentence against him as follows, to wit: "It is the order of the Court that the Defendant, named above, who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Texas Department of Corrections for the period indicated above, be delivered by the Sheriff of Harris County, Texas, immediately to the Director of Corrections of the State of Texas, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Department of Corrections for the period indicated above in accordance with the provisions of the law governing the Texas Department of Corrections."

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

Signed and entered on this the ___16___ day of ___August___, A. D. 19_83_.

_____
Judge, _185th_ District Court
of Harris County, Texas

, and the Court further found that a deadly weapon, to-wit, a firearm, was used during the commission of this offense

ON this the 13th day of September, A.D. 1983, the Court having overruled Defendant's motion for new trial,

To which action of the Court the Defendant then and there, in open Court excepted and gave notice of appeal to the Court of Appeals in the State of Texas, Houston, Texas.
And inasmuch as said Defendant has given notice of appeal herein, execution of the Sentence is deferred to await the Judgment and order of our Court of Appeals in this behalf.

On this the 28th day of December, A.D. 1984 mandate of affirmance received from the 14th Court of Appeals, Houston, Texas.
kj

On this the 3rd day of January, A.D. 1985 mandate alias capias issued.
kj

Be it remembered on the 4th day of January, A.D. 1985 sheriff return was recieved showing the defendnant was placed in jail on the 22nd day of November, A.D. 1982. It is therefore the Order of the Court that sentence is to begin on November 22, 1982.
CD

This sentence to begin on ___11-22-82___ and the Sheriff of Harris County, Texas is hereby directed to attach to the committing papers a statement concerning the defendants conduct while in jail in said cause.

23.

# Parole in Texas
## Parole & Mandatory Supervision Eligibility Chart
(Revised 01/30/2001)

| Offense Date | | |
|---|---|---|
| Prior to 01-01-66 | All Offenses* 55th | Calendar Time = 1/3, including any bonus & blood donations* Maximum = 15 yrs. <br><br> * (Art. 42.12 was amended 01-01-66 to allow good time and 1/4 time for all persons confined in TDC.) |
| 01-01-66 thru 08-28-67 | All Offenses* 59th | Calendar Time + Good Time = 1/4, including any bonus & blood donations Maximum = 15 yrs. |
| 08-29-67 thru 08-28-77 | All Offenses* 60th <br><br> * TDCJ Data Services calculates eligibility dates on all offenses prior to 08-28-77 utilizing calendar time + good time = 1/3, regardless of the law in effect when the offense was committed. This is apparently due to court rulings during that time period. | Calendar Time + Good Time = 1/3, including any bonus & blood donations Maximum = 20 yrs. No Mandatory Supervision: inmate discharges sentence when calendar time + good time = total sentence. Sentence is effectively reduced by the amount of good time earned. |
| 08-29-77 thru 08-31-87 | Capital Murder 65th <br> Agg. Kidnapping 69th <br> Agg. Robbery <br> Agg. Rape <br> Agg. Sexual Abuse <br> (08-31-85: Agg. Rape and Agg. Sexual Abuse combined into Aggravated Sexual Assault) <br> Offenses with Affirmative Finding of Deadly Weapon | <mark>Art. 42.12 Sec. 3f (08-29-77 thru 08-31-83)</mark> <br> Art. 42.12 Sec. 3g (09-01-83 thru 08-31-87) <br><br> Calendar Time = 1/3 <br> Minimum of 2 yrs. <br> Maximum of 20 yrs. |
| | All other offenses | Calendar Time + Good Time = 1/3, including A, B, or C credits and bonus Maximum of 20 yrs. <br><br> All offenses eligible for Mandatory Supervision. |
| 09-01-87 thru 08-31-89 | 3g Offenses: 70th <br> Capital Murder <br> Agg. Kidnapping <br> Agg. Sexual Assault <br> Agg. Robbery <br> Offenses with Affirmative Finding of Deadly Weapon | Calendar Time = 1/4 <br> Minimum of 2 yrs. <br> Maximum of 15 yrs. |
| | All other offenses | Calendar Time + Good Time = 1/4, including work credits and bonus Maximum of 15 yrs. See MS Ineligible List #1 below for offenses NOT eligible for Mandatory Supervision |
| 09-01-89 thru 08-31-93 | 3g Offense: 71st-72nd <br> Capital Murder (Capital Felony) - Life Sentence <br> 1) Murders peace officer or fireman on official duty, <br> 2) Murders while committing a kidnapping, burglary, robbery, aggravated sexual assault, or arson, <br> 3) Murders for remuneration, <br> 4) Murders while escaping from a penal institution, <br> 5) Murders an employee of a penal institution, <br> 6) Murders more than one person during the same criminal transaction, or during different criminal transactions but the murders are committed pursuant to the same scheme. | Calendar Time = 1/4 <br> Minimum of 2 yrs. <br> Maximum of 15 yrs. <br><br><br> Calendar Time = 35 yrs. <br> effective 09-01-91. |

## Chapter 141. GENERAL PROVISIONS

**The provisions of this Chapter 141 issued under Chapter 508, Government Code**

### Subchapter A. BOARD OF PARDONS AND PAROLES

### §141.1. Presiding Officer (Chair) and Policy Board

(a) The presiding officer (chair) is designated by the governor and serves in that capacity at the pleasure of the governor. The chair acts as spokesperson for the board.

(b) Six members of the board shall serve as the policy board of the Board of Pardons and Paroles. The governor designates the policy board. The term of a member of the policy board is six years, to be served concurrently with the member's term on the board. The chair of the board shall serve as presiding officer of the policy board.

(c) Policy board members shall administer other matters as required by the chair.

*The provisions of this §141.1 adopted to be effective July 1, 1994, 19 TexReg 4750; amended to be effective June 30, 1998, 23 TexReg 6722; amended to be effective September 26, 2002, 27 TexReg 8963.*

### §141.2. Policy Board Quorum

The transaction of business before the policy board requires a quorum of the policy board and decisions require a majority of the quorum. Four members of the policy board constitute a quorum.

*The provisions of this §141.2 adopted to be effective July 1, 1994, 19 TexReg 4750; amended to be effective June 30, 1998, 23 TexReg 6722.*

### §141.3. Policy Board Administration

(a) The policy board shall determine matters that affect all board members.

(b) The policy board shall:

(1) adopt rules which govern the decision-making processes of the board;

(2) establish work hours and caseloads for members of the board and assign additional duties, as necessary, to members of the policy board;

(3) develop policies to ensure board members implement the updated parole guidelines and assign precedential value to previous decisions of the board relating to the granting of parole and the revocation of parole or mandatory supervision;

(4) require members of the board to file activity reports regarding release decisions made by members of the board, workload, hours worked, and implementation of parole guidelines;

(5) report annually on all board activities and parole release decisions to the governor and the legislature.

*The provisions of this §141.3 adopted to be effective July 1, 1994, 19 TexReg 4750; amended to be effective June 30, 1998, 23 TexReg 6722; amended to be effective June 11, 2002, 27 TexReg 4990.*

terms and conditions of release (See Contract of Release).

(32) Parole officer--A person duly appointed by the director of the TDCJ-Parole Division and assigned the duty of supervising administrative releasees.

(33) Parole panel--A three member decision-making body authorized to act in administrative release matters.

(34) Parolee--A person released from prison on parole (see definition of parole set forth in this section). A parolee is also an administrative releasee (see definition of "administrative releasee" set forth in this section).

(35) Party--Each person or agency named or admitted as a party.

(36) Policy Board--Six members of the board appointed by the governor as an additional duty of office, who vote on policy matters affecting the entire board.

(37) Preliminary hearing--Hearing at which is determined whether probable cause exists to support an allegation of a parole violation, pending a revocation hearing.

(38) Pre-parole transfer--The transfer of an eligible prisoner, as defined in Texas Civil Statutes, Article 6166-4, to a community residential facility, as defined in Texas Civil Statutes, Article 6616-4.

(39) Release plan--Proposed community and place of residence and proposed employment or proposed provision for maintenance and care of the releasee.

(40) Remission of fine or forfeiture--An act of clemency by the governor releasing the grantee from payment of all or a portion of a fine or canceling a forfeiture of a bond.

(41) Reprieve--A temporary release from the terms of an imposed sentence.

(42) Restoration of rights of citizenship--A pardon limited to the restoration of the right to vote, which in turn restores any other civil rights conditioned upon the right to vote.

(43) Revocation--The cancellation of parole, mandatory supervision, or of a conditional act of executive clemency which subjects the administrative releasee or grantee of the act of executive clemency to immediate incarceration or, in the instance of reprieve of a fine, to immediate payment of the fine.

(44) RMS--Mandatory supervision vote to release to mandatory supervision when TDCJ determines that the prisoner has reached a mandatory supervision date.

(45) Serve-All (SA)--A decision by the board or board panel to deny parole and to not release the inmate until serve-all date.

(46) Serve-All Date--The projected release date or minimum expiration date as determined by the Texas Department of Criminal Justice.

(47) Statutory references--See the definition of "constitutional and statutory references" set forth in this section.

(48) Trial officials--The present sheriff, prosecuting attorney, and judge in the county and court of offense, conviction and release.

(49) Victim--A person who is a victim of sexual assault, kidnapping, aggravated robbery, or felony harassment or who has suffered bodily injury or death as a result of

TEX.. DEPARTMENT OF CRIMINAL JUS    .E
PAROLE DIVISION
SISP / EM INSTRUCTION SHEET

Offender's Name: JOHNSON, EDDIE D                TDCJ/SID #: 364033 / 01607144

TDCJ Unit: HUNTSVILLE                            Institutional Parole Officer:

Transmitter #: A09190                            Date/Time Attached: 01/16/2004 / _____

Monitor Type: SISP

As part of your special condition SISP (Super-Intensive Supervision Program) / "T" (Electronic Monitoring), the following rules apply:

I.     **IF YOU ARE BEING RELEASED TO A PRIVATE RESIDENCE:**

1. Report to your private residential plan directly, immediately and without delay.
2. A monitoring device has been installed in your residence and a transmitter strapped at the ankle. These monitoring devices will monitor your activity and report violations to your Parole officer.
3. DO NOT tamper in any way with the transmitter strapped at the ankle or the monitor in your residence.
4. DO NOT unplug or relocate the monitor that has been placed in your residence.
5. DO NOT place anything on top of the monitor.
6. DO NOT pick up the telephone until after the second ring.
7. DO NOT use the telephone:
   a. When the green indicator light is on or blinking (wait 10 min. after it stops).
   b. If there is a beeping noise coming from the monitor.
8. DO NOT leave the telephone in an "off hook" position when not in use.
9. If you are on the telephone and a noise (dull click or beep) is heard over the line, you must hang up for 10 minutes.
10. DO NOT leave the residence for any reason prior to having your initial appointment with your Parole Officer.

II.    **IF YOU ARE BEING RELEASED TO A COMMUNITY RESIDENTIAL FACILITY:**

1. Travel to and report directly, immediately and without delay to the designated facility. The facility and your Parole Officer have been notified of your release time and will be monitoring your arrival time.
2. This monitoring device will monitor your activity and report violations to your Parole Officer.
3. DO NOT tamper in any way with the transmitter strapped at the ankle.
4. DO NOT leave the facility for any reason prior to having your initial appointment with your Parole Officer.

I fully understand that violations will be reported to my parole officer and may result in an issuance of a warrant and/or revocation of my release.

X _____          01/16/2004
              Offender's Signature                    Date

_____            01/16/2004
              Officer's Signature                     Date

Distribution:     Original - District Office File
                  Copy – provided to offender
                  Copy – Provided to BPP the Austin

**EXHIBIT A, PAGE 2**

27.



# State of Texas

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PARDONS AND PAROLE DIVISION
### Certificate of Mandatory Supervision



TDCJ-PD

Date of issuance: 12/11/2003

| Name | TDCJ # | SID # |
|---|---|---|
| JOHNSON,EDDIE DON | 00364033 | 01607144 |

Legal county of residence       Approved county of release
HARRIS                                  HARRIS

Location:    Unit KN, TDCJ-ID

Cause#:    375537               375536

---

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Mandatory Supervision under the provisions of Chapter 508, Texas Gov't. Code. THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Mandatory Supervision and shall immediately report to the office indicated below for supervision:

REID COMM. CORR. FACILITY
10950 BEAUMONT HWY 90
HOUSTON, TX 77078
(713)675-4426

Report immediately & directly to your halfway house (HWH). If verifiable transportation delays or other emergency occurs, contact the HWH immediately. Failure to do so will cancel further gate money and result in the issuance of arrest warrant.

and shall be permitted to be at liberty in the legal custody of the State of Texas but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Mandatory Supervision herein. The period of Mandatory Supervision shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence. The time to be served under Mandatory Supervision is also calculated as calendar time. The certificate shall become effective when eligibility requirements for Mandatory Supervision under Chapter 508, Texas Gov't. Code have been met or when Mandatory Supervision is ordered by the Board of Pardons and Paroles.

---

## STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.

I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.

I shall submit to testing for alcohol or controlled substances.

I shall not communicate directly or indirectly with the victim; go to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance.

I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near a residence, school, place of employment, or business of the offense for which I was sentenced to the Institutional Division.

I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Programs in which I participated in TDCJ.

Upon written instruction from my supervising officer:

I shall participate in a drug or alcohol continuum of care treatment program.

I shall register as a sex offender under Chapter 62, Code of Criminal Procedure.

I shall not go in, on or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any Program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.

I shall perform not less than 300 hours of community service at a service project designated by a parole panel.

---

## SPECIAL CONDITIONS

SISP - I shall comply with Super Intensive Supervision Program conditions.

S.I.S.P.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 11TH DAY OF DECEMBER, 2003.

If mandatory supervision is satisfactorily completed, maximum expiration date will be:

11-12-42

RISSIE OWENS
BOARD OF PARDONS AND PAROLES

EXHIBIT A, PAGE 1

Page 1

28.

Offender's    Officer's
Initials       Initials

4.    I shall inform any prospective employer or Temporary Service of my criminal history and my parole or mandatory supervision status.

Section E:

Comments:

_____

_____

_____

_____

_____

_____

Section F:

, ___Eddie Dan Johnson___, understand and agree to abide by the above components of Special
    (Offender's Printed Name)
Condition "SISP" as imposed or modified by my parole officer and as authorized by a parole panel.  I further understand
that even if I refuse to sign this form, these components are still in effect.

_____         ___1/20/04___
    Offender's Signature                     Date Signed

Section G:

Submitted by:                              Approved by:

_____      _____
Parole Officer's Signature                 Parole Supervisor's Signature

_____      _____
Parole Officer's Printed Name            Parole Supervisor's Printed Name

___1/20/04___                       ___1/22/04___
Date                                    Date

Dist:  Original – District File
       Copy – Specialized Programs, Central
       Copy – Offender
NOTE:  This form may be filled out by hand.

Offender's Name: _Johnson Eddie_   TDCJ #: _364033_

Address: _10590 Beaumont Hwy._   City _Houston_

Head of Household: _____   Telephone #: _713)675-4426_

1. I understand that I will be monitored by a tamper proof, non-removable ankle transmitter. I will be required to wear said device 24 hours a day, 7 days a week. I understand that my location will be monitored by this electronic device.

2. I understand that if I am placed on continuous monitoring, an official of the TDCJ will hook up a receiver/monitor device to my home telephone or my householder's telephone. Officials must be allowed to enter my home to install, maintain, inspect or retrieve the receiver/monitor unit.

3. I understand that I am responsible for ensuring that electrical and phone service is continuously maintained in my home or the home of the householder with whom I am residing during the period I am electronically monitored. Furthermore, I understand that failure to maintain electrical and/or telephone service will constitute a violation of the terms of my release.

4. I understand that I am responsible for ensuring that the current telephone service does not have any optional telephone features such as call forwarding, call waiting, caller ID, call notes, voice mail, anonymous call block, and I shall not install the internet or answering machines to the telephone line used during the duration of my electronic monitoring.

5. I understand that any attempts on my part to prevent the receiver/monitor from reporting my status to the central monitoring computer or any attempts on my part to tamper with the transmitter will constitute a violation.

6. The loss of receiving signal or the receipt of a tamper signal by the monitoring device shall constitute a violation subject to investigation. I further understand that the computer printout or mobile surveillance log may be used as evidence in a court of law or administrative hearing to prove said violation.

I understand that theft or destruction of the electronic monitoring equipment (i.e. transmitter, receiver/monitor) may result in prosecution.

I understand that my daily schedule will be monitored by phone calls and personal visits by a representative of the Parole Division. Such visits may be random and at any time.

I understand that I must remain at my residence at all times, unless given prior written approval by my supervising parole officer to participate in activity reflected on my daily schedule. Residence is defined as the dwelling I live in and does not include the porch, yard, garage, or any other area beyond the front or back door of the residence.

I understand that I must remain on home confinement twenty-four hours per day, 7 days per week, unless given written approval by the Region Director and my supervising officer to leave the residence. Home confinement is a period of time in which I am not authorized to leave my residence.

I understand that should I fail to return to my residence within the prescribed time or leave my residence at an invalid time, such action shall be deemed a violation of the terms of my release.

I understand and agree to abide by the above conditions and I further understand that even if I refuse to sign this form these rules are all in effect. I hereby certify that these terms and conditions have been read and explained to me, and that I fully understand these terms and conditions.

_____   _Eddie Don Johnson_   _1/20/04_
Offender's Printed Name   Signature   Date

_J. Chenier_   _____   _1/20/04_
Parole Officer's Printed name   Signature   Date



**CORNELL**
People Changing People

# REID FACILITY
# DISCIPLINARY REPORT

NUMBER OF OFFENSE

Case Manager: _Johnson_    1st ✓   2nd ___     1. Date of Offense: _7/21/04_

Parole Officer: _Chenier_     3rd ___   4th ___     2. Time of Offense: _9:00 AM_

Major: _____    Minor: _____

| 3. Resident Name: _Johnson Eddie_ | 4. TDCJ# _364033_ |
|---|---|
| 5. Place of Incident:   | 6. Incident:   | 7. Code    _6-16_ |

8. Description of Incident ( If more spaces are needed, continue on back) on the date and time listed above in (place) _____

Resident Name: _Johnson Eddie_     TDCJ# _364033_
refused to see Case mgr for his weekly assigned meeting in which he was informed without an excused reason.

9. Description of physical evidence taken: _Res did not show for his weekly_

10. Witness Name:

11. Signature of reporting Employee/ Date/ Time: _Johnson 7/21/04 2:00pm_

12. Name and title of reporting employee (Print): _S. Johnson Case mgr_

13. Resident Notification:
I have received a copy of the charge(s) alleged against me.

_7/22/04 0810_
Date and Time Notified

_Refused to Sign_
Resident Signature

Notifying Official/ Title: _Capt. L. Tyson_

You have the right to appear before a hearing officer 24 hours or more after receipt of this notice. You have the right to have an opportunity to be heard, call witness and submit a written statement. By signing here you give up the right to 24 hour notice and authorize the Hearing Officer to proceed with the hearing.

14. Accused Statement and Attitude:

15. Investigation Section
Investigation Comments and Conclusions:

16. I wish to waive my right to a Disciplinary Hearing:     Yes  ✓   No _____

_____          _____
Resident's Signature                                Hearing Officer's Signature

17. Resident's Plea:     Guilty: _____     Not Guilty: _____

18. Hearing Officer/ Committee Decision: Guilty: _____     Not Guilty: _____

Sanction(s) Imposed: _____

_____ _____ for 8 Extra duty:
Client refused any Co-operation in this matter
and considered guilty - and 8 hour extra duty
hours was imposed

Resident Signature: ___Refuse to Sign___     Date:  8-3-04

08-03-04 / 0945hrs
Hearing Date/ Time

D. Fontenot
Committee Member/ Hearing Officer


NUMBER OF OFFENSE

Case Manager: _O Johnson_  1st ____ 2nd _V_  1. Date of Offense: _7/28/0_

Parole Officer: _Chenier_  3rd ____ 4th ____  2. Time of Offense: _9:00 A_

Major: _____  Minor _____

3. Resident Name: _Johnson Eddie_  4. TDCJ# _364033_

5. Place of Incident: _Bldg 2_  6. Incident: _Refusing to Accept Program assignment_  7. Code _B-K6_

8. Description of Incident ( If more spaces are needed, continue on back) on the date and time listed above in (place) _Bldg 2_

Resident Name: _Johnson Eddie_  TDCJ# _364033_
refused to see Case Mgr Johnson for his weekly meeting on 1/28/04 during or for his weekly schedule, without an excused reason.

9. Description of physical evidence taken: _Did not come see Mgr Johnson_

10. Witness Name:

11. Signature of reporting Employee/ Date/ Time: _Johnson 1/3/04 3:30 pm_

12. Name and title of reporting employee (Print): _S Johnson Case Mgr-5_

13. Resident Notification:
I have received a copy of the charge(s) alleged against me.

_8-2-04_  _21:25_
Date and Time Notified

_Refused to sign_
Resident Signature

Notifying Official/ Title: _K Gulley Monitor 1_

You have the right to appear before a hearing officer 24 hours or more after receipt of this notice. You have the right to have an opportunity to be heard. call witness and submit a written statement. By signing here you give up the right to 24 hour notice and authorize the Hearing Officer to proceed with the hearing.

_Exhibit C_

**14. Accused Statement and Attitude:**

Client's attitude is calm.

**15. Investigation Section**
Investigation Comments and Conclusions:

Client is well aware of facility rules.

**16. I wish to waive my right to a Disciplinary Hearing:** Yes _____ No ✓

_____
Resident's Signature

_D. Tinteral_
Hearing Officer's Signature

**17. Resident's Plea:** Guilty: _____ Not Guilty: _____

**18. Hearing Officer/ Committee Decision:** Guilty: ✓ Not Guilty: _____

Sanction(s) Imposed: _____

~~Extra duty about~~ shut down for 4 days:
Client refused any co-operation in this matter
and considered guilty and a 4 day shutdown
was imposed

Resident Signature: _Refuse to Sign_ Date: 8-3-04

08-03-04 / 0945 hrs
Hearing Date/ Time

_____
Committee Member/ Hearing Officer

34.

MESSAGE ID: 26586567    DATE: 08/05/04  TIME: 03:02PM  PRIORITY: 999

TO:      JCH9813 - CHENIER, JACQUELINE
         SR.DISTRICT PAROLE OFFICER
         PO-HOUSTON DPO VII
         3410 HAMILTON
         1ST FLOOR
         HOUSTON, TEXAS 770040000


FROM:    WRNTDEC - WARRANT_ISSUANCE_DECISIONS
         WARRANT_ISSUANCE_DECISIONS
         PO WARRANTS SECTION
         AUSTIN



SUBJECT:   VIOLATION REPORT



TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PAROLE DIVISION-VIOLATION REPORT

SECTION 1: GENERAL INFORMATION
SPECIALIZED CASE STOP        SUPERVISION LEVEL SP-4  REPORT DATE: 08/05/2004
NAME: JOHNSON,EDDIE DON                    TDCJ NUMBER: 364029
CURRENT ADDRESS: 10950 BEAUMONT HWY.   CITY: HOUSTON        STATE: TEXAS
SID/TDPS: 01607144 FBI: 5033186    SSN: 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 SEX: M RACE: BLACK
HEIGHT: 6'0  WEIGHT 213 EYE COLOR: BROWN    HAIR COLOR: BLACK

INSTANT OFFENSE:

SENTENCE: 30YEARS          COUNTY OF CONVICTION: HARRIS

Exhibit B

35.

ACTIVITY MONITORING-RULE(S):                DATE(S):
HOME CURFEW-RULE(S):               DATE(S):
RESTRICTION-RULE(S):               DATE(S):
URC/PROGRAM ATTENDANCE-RULE(S):            DATE(S):
IOF PLACEMENT-RULE(S):             DATE(S):
LOCKDOWN-RULE(S):           DATE(S):
INCREASED ALCOHOL TESTING-RULE(S):             DATE(S):
E.M. PROGRAM PLACEMENT-RULE(S):          DATE(S):
TREATMENT PROGRAMMING PLACEMENT         DATE(S):
UA FREQUENCY INCREASED-RULE(S):          DATE(S):
BPP IMPOSED CONDITIONS-RULE(S):          DATE(S):
PREVIOUS PRE-REVOCATION WARRANTS ISSUED:

X ISF ELIGIBLE   X YES        NO

SECTION V: RECOMMENDED ACTIONS

P.O. RECOMMENDATION:

   ISSUE SUMMONS
X  ISSUE WARRANT
   CONTINUE SUPERVISION-NO FURTHER ACTION
   CONTINUE SUPERVISION-APPLY INTERVENTION OF:
   CONTINUE SUPERVISION-AWAIT DISPOSITION OF CRIMINAL CHARGE
   CONTINUE SUPERVISION-REQUEST BPP CONDITION(S):

COMMENTS:


CERTIFICATIONS:
MY NAME IS   J.CHENIER                        , I AM CURRENTLY EMPLOYED FOR
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN THE CAPACITY OF PAROLE
OFFICER                 , AND HAVE BEEN SO EMPLOYED FOR       MONTHS AND/OR
07 YEARS.  I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE REPORT, AND
IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

P.O. SIGNATURE: J.CHENIER                               DATE: 08  05  2004

U.S. RECOMMENDATION:

   ISSUE SUMMONS
X  ISSUE WARRANT
   CONTINUE SUPERVISION-NO FURTHER ACTION
   CONTINUE SUPERVISION-APPLY INTERVENTION OF:
   CONTINUE SUPERVISION-AWAIT DISPOSITION OF CRIMINAL CHARGE
   CONTINUE SUPERVISION-REQUEST BPP CONDITION(S):

COMMENTS:




U.S. SIGNATURE:                                    DATE:

P.O. REVISION IF APPLICABLE:

   ISSUE SUMMONS
   ISSUE WARRANT
   CONTINUE SUPERVISION-NO FURTHER ACTION
   CONTINUE SUPERVISION-APPLY INTERVENTION OF:

CONTINUE SUPERVISION-AWAIT DISPOSITION OF CRIMINAL CHARGE
CONTINUE SUPERVISION-REQUEST APP CONDITION(S):

COMMENTS:


P. S. SIGNATURE:                                                    DATE:
..............................................................................................
SECTION VI:  PAROLE DIVISION ACTION

    ISSUE SUMMONS
  X ISSUE WARRANT       WARRANT#: 08  05  2004  01607144
                    CODE: SI    CODE:      CODE:
    DO NOT ISSUE WARRANT, CONFER WITH UNIT SUPV AND TAKE ALTERNATE
    INTERVENTION AS DEEMED APPROPRIATE.
    CONTINUE WARRANT IN EFFECT:
    VIOLATION REPORT RETURNED, FOLLOWING INFORMATION REQUIRED:

COMMENTS: PRW PUBLISHED ON NCIC/TCIC AT 1429

VR DATE/TIME: 8/5 139PM

DECISION RENDERED BY: CARLA RAMIREZ                   DATE: 08  05  2004

DISTRIBUTION: PAROLE OFFICER: J.CHENIER
              OFFICE: HOUSTON 7 DISTRICT PAROLE OFFICE
              OFFICER'S USER ID: JCH9819

              UNIT SUPERVISOR: J.MENCHACA
              OFFICE: HOUSTON 7 DISTRICT PAROLE OFFICE
              UNIT SUPERVISOR'S USER ID: JME1456

              PAROLE SUPERVISOR:
              OFFICE:
              PAROLE SUPERVISOR'S USER ID:

ADDITIONAL DISTRIBUTION:


FILE

# THE STATE OF TEXAS
## WARRANT
### Directing Retaking
## ADMINISTRATIVELY RELEASED PRISONER*
### (Non-Executive Clemency)
### Before Revocation or Rescission of Presumptive/Tentative Parole Date

TO ANY SHERIFF, ANY PEACE OFFICER, ANY OFFICER OR OTHER PERSON AUTHORIZED BY LAW

TO SERVE CRIMINAL PROCESS OR TO ANY PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR

OTHER PLACE OF DETENTION:

DOB: ███████        TDCJ#: 00364033

GREETING:

WHEREAS, __JOHNSON, EDDIE DON__, SID#: __01607144__,

was convicted of a felony offense in the State of Texas and was sentenced to the Texas Department of Criminal Justice, Parole Division and the Board of Pardons and Paroles;

AND WHEREAS, said convicted felon was granted a parole or administrative release and remains in the custody of the Texas Department of Criminal Justice, Parole Division amenable to the orders of the Texas Department of Criminal Justice, Parole Division and the Board of Pardons and Paroles;

AND WHEREAS, reliable information has reached the Texas Department of Criminal Justice, Parole Division that the administrative releasee has violated the terms, rules, and/or conditions of administrative release, has lapsed or is about to lapse into criminal ways or company, or was ineligible for release and is hereby declared a fugitive from justice;

NOW THEREFORE, by virtue of the authority vested in the Texas Department of Criminal Justice, Parole Division by Texas Government Code Ann. §508.251, it is hereby ordered that said administrative releasee, be arrested, detained and housed until such time as he may be placed in the custody of an agent of the Texas Department of Criminal Justice, Institutional Division, or until further order of the Texas Department of Criminal Justice, Parole Division or the Board of Pardons and Paroles, and for so doing, this shall be your sufficient warrant.

**NOT SUBJECT TO BAIL**          **TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
                                 **Parole Division**



By: _____
P. O. Box 13401, Capitol Station
Austin, Texas 78711
Area Code (512) 406-5317
Warrant No. 08-05-2004-01607144
J.CHENIER/DPO/HOUSTON 7
/DPO/
File

Date of Issuance: **08-05-2004**

*The term "administrative release" includes parole and mandatory supervision, preparole transfer, work program and premature release.
BPP-FS-50 (R 1/98)

## EXHIBIT A, PAGE 14

38,

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE ** PAROLE DIVISION
## ADJUSTMENT STATEMENT

Name _Johnson, Eddie Don_ TDCJ # _364033_ SID# _0160744_

**SECTION I**
Criminal History (Prior): _12/73 - Homicide - without malice aforethought 5 yrs. TDCJ-ID; Paroled 3/76 - Clemency discharged 12/76._

**SECTION II**
A. Employment
   1. If employed, name of employer: _Rockwell, Inc._
Length of employment: _2 months_
   2. If unemployed, how long unemployed: _____
Reason: _____
B. Fees
   1. Supervision fees: Current ( ), Deferred ( ), Arrears ( )
Explanations: _Balance unavailable_
   2. Restitution fees: Current ( ), Arrears ( )
Explanations: _n/a_

**SECTION III**
A. Home/Marital
Adjustment: ( ) Satisfactory ( ) Marginal (X) Unsatisfactory
Explain: _Offender failed to follow rules of the residential facility._
B. Special Condition Compliance
SC# _SISP_ _Shall comply with Super-Intensive Supervision Program conditions_
Adjustment: ( ) Satisfactory (X) Marginal ( ) Unsatisfactory
Explain: _Offender was marginally in compliance w/ parole rules/guidelines._
SC# _NONE_: _____
Adjustment: ( ) Satisfactory ( ) Marginal ( ) Unsatisfactory
Explain: _____
SC# _NONE_: _____
Adjustment: ( ) Satisfactory ( ) Marginal ( ) Unsatisfactory
Explain: _____

**SECTION IV**
A. Arrest (s) since release – Date (s), Charge (s), Disposition (s), and Board action for each _none_

B. Other reported violation (s) – ROV date (s), rule (s) alleged, and Board action for each _none_

**SECTION V**
A. Does the individual meet the criteria for EM and/or ISF - (X) Yes ( ) No. Indicate which _Both_

B. Proposed plan if offender is continued on supervision:
Residence _____ ( ) Verified (X) Not Verified

Employment _____ ( ) Verified (X) Not Verified

_[signature]_     _8/6/04_
Officer/Analyst Signature     Date

39.

PSV-22B 10/98

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PAROLE DIVISION

## RIGHTS OF OFFENDER IN THE REVOCATION PROCESS

A.    To:    Johnson, Eddie Don                                    No: 364033

It is alleged that you have violated one or more of the rules / conditions of your release. Your rights in the revocation process are listed below.

1.  You have the right to be personally served with written notice of the rules and conditions you are accused of violating. That means you have the right to have someone give you written information of what conditions of release you are accused of breaking.

2.  You have the right to have a preliminary hearing if you have not been convicted of a new offense. This hearing will be held at or near the place of the alleged parole or mandatory supervision violation. The purpose of the preliminary hearing is to determine whether there is probable cause or reasonable grounds to believe you violated a condition of release.

3.  You have the right to have a revocation hearing if you are alleged to have committed technical violations or you are found guilty in a criminal case. However if you received a felony conviction with a term of incarceration in a penal institution, you will be allowed only a limited hearing in order to explain why you should not be revoked. You must request this mitigation hearing.

4.  You have the right to a disclosure of evidence against you. That means you can see everything before the hearing.

5.  You have the right to a state appointed attorney under certain circumstances to be determined by a hearing officer. If you qualify for that right, an attorney will be appointed to represent you. If you do not qualify for that right, you may hire an attorney to represent you.

6.  You have the right to be heard in person by telling a hearing officer what happened and to present evidence, affidavits, letters and documents in support of your position.

7.  You have the right to confront and cross-examine adverse witnesses by asking questions at the hearing unless the hearing officer specifically finds good cause for not allowing you to do so.

8.  You are entitled to be heard on the violations by someone designated by the panel.

9.  If your parole or mandatory supervision is revoked as a result of a hearing, you will receive a written report by the hearing officer which sets forth the evidence relied upon in support of a finding that you violated one or more conditions of your parole or mandatory supervision.

10. If revoked as a result of a hearing, you may have the right to request that the Board of Pardons and Paroles reopen the revocation hearing within forty-five (45) days from the date of the Board's decision.

As indicated by my signature below, I affirm that I have been advised of my rights in the revocation process.

Releasee X _Eddie Don Johnson_          Date _8/8/04_

Witness _J Chermer_          Date _8/8/04_

PSV-48 09/03

40.

## C. WAIVER OF HEARINGS

1. I do not want a PRELIMINARY hearing. I understand that the parole officer has no authority to make promises as to what will happen if I do not have a hearing. I also understand that only the Parole Board can decide what punishment should be given. I have not been coerced into signing this waiver, nor have any promises been made to me in exchange for signing the waiver.

OFFENDER _____ DATE _____

WITNESS _____ DATE _____

2. I do not want a REVOCATION hearing. I understand that the parole officer has no authority to make promises as to what will happen if I do not have a hearing. I also understand that only the Parole Board can decide what punishment should be given. I have not been coerced into signing this waiver, nor have any promises been made to me in exchange for signing the waiver.

OFFENDER _____ DATE _____

WITNESS _____ DATE _____

## D. HEARING REQUEST/SCHEDULE

1. I hereby request that a Preliminary hearing be held.

OFFENDER _____ DATE _____

WITNESS _____ DATE _____

_____      _____
Preliminary Hearing Location                    Date and Time of Hearing

2. I hereby request that a Revocation hearing be held.

OFFENDER _Eddie Don Johnson_____ DATE _8/8/04___

WITNESS _Chenier_____ DATE _8/8/04___

_____      _____
Revocation Hearing Location                      Date and Time of Hearing

## E. SUMMONS
To: _____     No. _____

You are hereby ordered and summoned to appear at a preliminary/revocation hearing at the time, date, and location indicated above to answer the allegations in Section B, Page 2. Your rights during the hearing process are outlined in Section A, Page 1.

Failure to appear as instructed may result in the issuance of a warrant for your arrest.

_____
Date

_____
Regional Director, Parole Division

EXECUTED this _____ day of _____, 20_____ by personally delivering a copy of same to the named addressee.

_____
Parole Officer

DIST.: Central/
     Sup. Off/J. Chenier/030723005/Houston VII
     Agt. Off/

Offender/Johnson, Eddie Don /TDC# 364033
Attorney/
Hearing Off/

41.

PRELIMINARY / REVOCATION HEARING WITNESS ADDRESS INFORMATION

RELEASEE'S NAME: Johnson, Eddie Don

TDCJ/PIA #: 364033     HEARING DATE: 08/18/04

| NAME | ADDRESS | ADVERSE/FRIENDLY WITNESS | |
|------|---------|--------|--|
| Kimberly Goodal | 10950 Beaumont Hwy. Houston, TX | (X) | ( ) |
| Relationship: | unit supv. @ Reid facility | | |
| | ZC: 77078  PH# 713)675·4426 | | |
| Derrick Fontento | 10950 Beaumont Hwy | (X) | ( ) |
| Relationship: | Capt. in security @ Reid facility | | |
| | ZC: 77078  PH# 713)675·4426 | | |
| LaShanda Tyson | 10950 Beaumont Hwy. | (X) | ( ) |
| Relationship: | Capt. in security @ Reid facility | | |
| | ZC: 77078  PH# 713)675·4426 | | |
| Stephanie Guillory | 10950 Beaumont Hwy | (X) | ( ) |
| Relationship: | Lt. in security @ Reid facility | | |
| | ZC: 77078  PH# 713)675·4426 | | |
| Shakeitha Johnson | 10950 Beaumont Hwy. Houston, TX | (X) | ( ) |
| Relationship: | casemanager @ Reid facility | | |
| | ZC: 77078  PH# 713)675·4426 | | |
| | | ( ) | ( ) |
| Relationship: | | | |
| | ZC:_____ PH#_____ | | |
| | | ( ) | ( ) |
| Relationship: | | | |
| | ZC:_____ PH#_____ | | |

42.





# BOARD OF PARDONS AND PAROLES
## Hearing Section

☐ P  ☒ MS  ☒ SC  <u>SISP</u>
☐ HB1112  ☒ SB880
Start Date: <u>08/05/2004</u>  OTHER ____

## HEARING REPORT PROCESSING SHEET
### ☐ PRELIMINARY  ☒ REVOCATION

NAME: <u>JOHNSON, EDDIE DON</u>  TDCJ#: <u>00364033</u>  SID #: <u>01607144</u>
DATE OF HEARING: 08/18/2004  BEGIN TIME: <u>10:07AM</u>  END TIME: <u>11:20AM</u>
OFFENDER'S LOCATION: <u>HARRIS COUNTY JAIL</u>
OFFENDER ☒ REQUESTED / ☐ WAIVED REVOCATION HEARING
DATE ☒ WARRANT / ☐ SUMMONS ISSUED: <u>08/05/2004</u>  EXECUTED: <u>08/05/2004</u>
RELEASE DATE: 01/16/2004  SCHEDULED DISCHARGE DATE: <u>11/12/2042</u>
ATTORNEY DETERMINATION: ☐ APPROVED  ☒ DISAPPROVED  ☐ WAIVED  ☐ RETAINED

| OFFENDER'S ADMISSION(S)/ DENIAL(S) OF ALLEGATION(S) | | | FINDINGS: | H/O Y | N | H/S Y | N |
|---|---|---|---|---|---|---|---|
| ☐ Admit | ☒ Deny | Rule # 9D | FAILURE TO ABIDE BY RULES OF THE COMMUNITY RESIDENTIAL FACILITY, 07/08/04, 07/20/04, 07/21/04, 007/29/04, 08/03/04 | ☒ | ☐ | ☒ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |

| RECOMMEND | REVOKE | PTRH | NON-REVOCATION ACTION | ISF | SAFP | RTSS |
|---|---|---|---|---|---|---|
| FIELD OFF | ☒ | ☐ | | ☐ | ☐ | ☐ |
| HEARING OFF | ☒ | ☐ | | ☐ | ☐ | ☐ |
| REVIEWER: | ☐ | ☐ | | ☒ | ☐ | ☐ |

ADDITIONAL RECOMMENDATIONS:  (☐ SAFP BED CERTIFICATION ATTACHED)

BOARD DISPOSITION:

☐ REVOKE  ☒ ISF *CS*  ☐ SAFP
☐ PROCEED TO REVOCATION HEARING (PTRH)
☐ NON-REVOCATION ACTION: PENDING ADJUDICATION OF CHARGES
☐ NON-REVOCATION ACTION: CONTINUE SUPERVISION
   REAFFIRM ANY EXISTING SPECIAL CONDITIONS OR MODIFY AS NOTED BELOW –

8-30-04

☐ NON-REVOCATION ACTION: ALLOW TO DISCHARGE
☐ REFER CASE BACK TO HEARING OFFICER FOR FURTHER DEVELOPMENT OF FACTUAL OR LEGAL
   ISSUES, WITH OR WITHOUT REOPENING THE HEARING, FOR THE FOLLOWING REASONS:

DISPOSITION DATE: ___<u>09/03/04</u>___

DIST:  CENTRAL HEARING SECTION  OFFENDER/SAME AS ABOVE
       HEARING OFF / C.D.OFORDILE/HOUSTON I  ATTORNEY / N/A
       SUPV OFF / J.CHENIER/HOUSTON 7
       AGT OFF /

HS-135 (Revised 09-25-03)  **EXHIBIT A, PAGE 3**  Page 1 of 2

44.

1) The OFFENDER, and the Parole Officer acting as a witness, are to sign this form in the spaces provided below. If the OFFENDER refuses to sign the form, place the words "refused to sign" in the OFFENDER's signature space.
2) The OFFENDER is to be given a copy of this form, as well as the attached Hearing Report.
3) Parole Supervision/Selection Officers must return a signed copy of this form to the Central Office.

**OFFENDER'S MOTION TO REOPEN HEARING**

According to Board of Pardons and Paroles Rule # 146.11, an OFFENDER's Motion to Reopen a Hearing must be made sixty (60) days from the date the Board panel voted to revoke the OFFENDER's supervision. Such request should be made only:

1) for any substantial error in the revocation process; or

2) upon newly discovered information.

Address your Motion to Reopen to:   BOARD OF PARDONS AND PAROLES,
BOARD ADMINISTRATOR, P.O. BOX 13401, CAPITOL STATION
AUSTIN, TEXAS 78711.

(NOTE: If the Hearing that was held was a preliminary hearing, the OFFENDER's signature below is simply an acknowledgment that the Preliminary Hearing Report has been received by the OFFENDER.)

By my signature below, I hereby acknowledge receipt of the report concerning the Hearing held in my case.

OFFENDER'S ACKNOWLEDGMENT OF RECEIPT

_____    _____
OFFENDER'S SIGNATURE                                    DATE

_____    _____
WITNESS                                             DATE



**CHARLES BACARISSE**
HARRIS COUNTY DISTRICT CLERK

March 2, 2005

EDDIE DON JOHNSON
#364033 SOUTH TEXAS SANCTIONS FACILITY
1511 PRESTON AVE.
HOUSTON, TEXAS 77002

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 375537-B in the 185th District Court.

☐ State's Original Answer Filed            ,

☐ Affidavit            ,

☐ Court Order Dated            ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☒ Respondent's Proposed Findings of Fact and Order March 2, 2005

☐ Other

Sincerely,

Leslie Garcia, Deputy
Criminal Post Trial

lag

Enclosure(s) – RESPONDENT'S PROPOSED FINDINGS OF FACT AND ORDER

45

F I L E D
ι CHARLES BACARISSE
District Clerk

MAR 0 1 2005

Time: _____
ι   Harris County. Texas
By_____

NO. 375537-B

EX PARTE                              §        IN THE 185TH DISTRICT COURT

                                     §        OF

EDDIE DON JOHNSON,
  Applicant                          §        HARRIS COUNTY, T E X A S

## RESPONDENT'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

The Court has considered the application for writ of habeas corpus, the Respondent's answer, and official court records in the above-captioned cause. The Court finds that there are no controverted, previously unresolved facts material to the legality of the Applicant's confinement which require an evidentiary hearing and recommends that the relief requested be denied, or in the alternative dismissed, because:

1. Applicant presents vague and ambiguous claims, which fail to allege sufficient facts to establish an alleged harm or a ground for relief. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985);

2. Applicant merely offers conclusory allegations, which even if sworn to, are not enough to warrant habeas relief. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988); *Ex parte Young*, 418 S.W.2d 824 (Tex. Crim. App. 1967);

3. Alternatively, the Texas Court of Criminal Appeals requires "[a]ll persons seeking time credit relief in an application filed pursuant to Art. 11.07, § 3, filed in the district clerk's office on or after January 1, 2000, must show that a written decision has been obtained, or that he is within 180 days of release according to current department records, or must allege that he sought resolution of his credit complaint more than 180 days before the application was filed." *Ex parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000), citing TEX. GOV'T CODE. ANN. § 501.0081 (Vernon Supp. 2003); and

46.

4. Alternatively, Applicant failed to establish that he either obtained a written decision from the TDCJ time credit review board, is within 180 days of release, or sought relief from the TDCJ time credit review board 180 days before filing the application. Therefore, the Applicant has not met the statutory predicates for raising a time credit complaint. *Stokes*, 15 S.W.3d at 533, citing TEX. GOV'T CODE. ANN. § 501.0081 (Vernon Supp. 2003).

THE CLERK IS ORDERED to prepare a transcript and transmit same to the Court of Criminal Appeals as provided by TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2003). The transcript shall include certified copies of the following documents:

1. the application for writ of habeas corpus;

2. the Respondent's answer;

3. the Court's order; and

4. the indictment, judgment and sentence, and docket sheets in cause number 375537 (unless they have been sent to the Texas Court of Criminal Appeals pursuant to a post-conviction writ of habeas corpus order).

THE CLERK is further ORDERED to send a copy of this order to the Applicant.

By the following signature, the Court adopts the Respondent's Proposed Findings of Fact, Conclusions of Law, and Order.

SIGNED this ___2___ day of __March_____, 2005.

_____
JUDGE PRESIDING

2

47.

```
****************************************************************************
** REQUESTOR: RDI3563 - DICKERSON, ROI LETECI SOUTH TEXAS ISF          ***
****************************************************************************
**             S Y S M   I N B A S K E T   P R I N T                   ***
```

MESSAGE ID: 850126ETT    DATE: 03/01/05  TIME: 02:35pm  PRIORITY: 000

TO:          RDI3563 - DICKERSON, ROI LETECIA
             SR DISTRICT PAROLE OFFICER
             SOUTH TEXAS ISF
             1511 PRESTON AVE
             HOUSTON, TEXAS 77002


FROM:        WRNTDEC - WARRANT_ISSUANCE_DECISIONS
             WARRANT_ISSUANCE_DECISIONS
             PD WARRANTS SECTION
             AUSTIN




SUBJECT:     VR - JOHNSON


** Sent by Alternate User "CLO6999" for "WRNTDEC" ***

                    TEXAS DEPARTMENT OF CRIMINAL JUSTICE
                     PAROLE DIVISION-VIOLATION REPORT

SECTION I: GENERAL INFORMATION
SPECIALIZED CASE SISP         SUPERVISION LEVEL SI-4  REPORT DATE: 03-01-2005
NAME: JOHNSON, EDDIE DON              TDCJ NUMBER: 364033
CURRENT ADDRESS SOUTH TEXAS I.S.F.    CITY: HOUSTON          STATE: TEXAS
SID/DPS: 01607144 FBI: 00503315H  SSN: ████████ SEX: M RACE: BLACK
HEIGHT: 6'02  WEIGHT 213 EYE COLOR: BROWN     HAIR COLOR: BLACK
SKIN COMPLEXION: DARK      DOB: ████████  -  STATE OF BIRTH: TEXAS
SCARS/MARKS/TATTOOS: NONE

INSTANT OFFENSE: MURDER W/DEADLY WEAPON 2 COUNTS
SENTENCE: 60 YEARS          COUNTY OF CONVICTION: HARRIS
RELEASE DATE: 01-16-2004 DISCHARGE DATE: 11-12-2042
COUNTY OF RESIDENCE: HARRIS
LAST SCHEDULED CONTACT:
02-28-2005 - PREPARING FOR RELEASE FROM I.S.F.
LAST FACE TO FACE CONTACT WITH OFFENDER (DATE/TYPE):
02-28-05 I.S.F.

SECTION II: INVESTIGATIVE CONTACTS
1. ATTEMPTED HOME CONTACT DATE: N/A     RESULTS: N/A
2. LOCAL LAW ENFORCEMENT DATE: 08-05-04  RESULTS: CLEAR

                                                              48.

3. DATE OF NCIC/TCIC CHECK: 08-05-04 RESULTS: CLEAR
4. EMPLOYED Y/N: N
5. CONTACT WITH EMPLOYER DATE: N/A          RESULTS: N/A
6. OTHER ATTEMPTS MADE (TYPE/DATE): N/A

SECTION III: ARREST/CHARGE/ALLEGATION INFORMATION
(IF MORE THAN 4 CHARGES, INCLUDE CLASS/TYPE IN SECTION IV VIOLATION SUMMARY)

| CHARGE: | FELONY: | MISD: | BOND PSTD: | BOND AMT: |
|---------|---------|-------|------------|-----------|
| CHARGE: | FELONY: | MISD: | BOND PSTD: | BOND AMT: |
| CHARGE: | FELONY: | MISD: | BOND PSTD: | BOND AMT: |
| CHARGE: | FELONY: | MISD: | BOND PSTD: | BOND AMT: |

CUSTODY LOCATION(FACILITY NAME):
ADDRESS AND ORI NUMBER(IF OUT OF STATE):

SECTION IV:  VIOLATION SUMMARY(INCLUDE RULE NUMBERS)
VIOLATION 1 - RULE #80:     FAILURE  TO ABIDE BY SPECIAL CONDITION IMPOSED BY THE BOARD:  SISP MONITORING CASELOAD.    ON 01-16-04, AT THE HUNTSVILLE UNIT IN HUNTSVILLE, WALKER COUNTY TEXAS.• PAROLE OFFICER EVA J. OLIPHANT READ AND EXPLAINED THE RULES AND SISP CONDITIONS TO OFFENDER JOHNSON, EDDIE DON #364033.   OFFENDER SIGNED HIS PAROLE CERTIFICATE STAMPED "SISP".   ON 01-20-04 AT THE BEN REID HWH PAROLE OFFICER J. CHENIER AGAIN READ AND EXPLAINED THE RULES AND SISP CONDITIONS OF PAROLE TO OFFENDER JOHNSON.   AT THAT TIME BOTH PAROLE OFFICER AND OFFENDER JOHNSON SIGNED COMPONENT SHEETS OF SISP TERMS AND CONDITIONS. ON 02-28-05, WHILE PREPARING FOR RELEASE OF OFFENDER JOHNSON THIS OFFICER ATTEMPTED TO READ AND EXPLAIN THE RULES AND CONDITIONS OF PAROLE TO OFFENDER.   HOWEVER,OFFENDER JOHNSON REFUSED TO SIGN THE SISP TERMS AND CONDITIONS FORM AND ADAMANTLY REFUSED TO WEAR THE MONITOR THEREBY VIOLATING HIS PAROLE.

OFFENDER VERSION:

OFFENDER STATED ON 02-28-05 THAT HE WILL NOT WEAR THE ELECTRONIC MONITOR TRANSMITTER, HE WILL NOT PARTICIPATE IN SISP/EM PROGRAM NOR WILL HE LIVE AT THE BEN REID HWH. HE REQUEST TO RETURN TO TDCJ-ID.

PREVIOUS INTERVENTIONS
    COMPLIANCE COUNSELING-RULE(S):          DATE(S):
    REPRIMAND-RULE(S):        DATE(S):
    CASE CONFERENCE-RULE(S):        DATE(S):
    INCREASED CONTACTS:          DATE(S):
    INCREASED SUPERVISION LEVEL-RULE(S):    DATE(S):
    ACTIVITY MONITORING-RULE(S):    DATE(S):
    HOME CURFEW-RULE(S):    DATE(S):
    RESTRICTION-RULE(S):    DATE(S):
    DRC/PROGRAM ATTENDANCE-RULE(S):    DATE(S):
    ISF PLACEMENT-RULE(S):    DATE(S):
    LOCKDOWN-RULE(S):    DATE(S):
    INCREASED ALCOHOL TESTING-RULE(S):    DATE(S):
    E.M. PROGRAM PLACEMENT-RULE(S):    DATE(S):
    TREATMENT PROGRAMMING PLACEMENT    DATE(S):
    UA FREQUENCY INCREASED-RULE(S):    DATE(S):
    BPP IMPOSED CONDITIONS-RULE(S):    DATE(S):
    PREVIOUS PRE-REVOCATION WARRANTS ISSUED:

X ISF ELIGIBLE  X YES    NO CURRENTLY IN ISF

SECTION V: RECOMMENDED ACTIONS

P.O. RECOMMENDATION:

    ISSUE SUMMONS
X ISSUE WARRANT
    CONTINUE SUPERVISION-NO FURTHER ACTION
    CONTINUE SUPERVISION-APPLY INTERVENTION OF:
    CONTINUE SUPERVISION-AWAIT DISPOSITION OF CRIMINAL CHARGE
    CONTINUE SUPERVISION-REQUEST BPP CONDITION(S):

COMMENTS:

CERTIFICATIONS:
MY NAME IS    ROI LETECIA DICKERSON    , I AM CURRENTLY EMPLOYED FOR THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN THE CAPACITY OF DISTRICT PAROLE OFFICER II    , AND HAVE BEEN SO EMPLOYED FOR 65 MONTHS AND/OR    YEARS. I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE REPORT, AND IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

50.

P. O. SIGNATURE: ROI LETECIA DICKERSON                    DATE: 03  01  2005
------------------------------------------------------------------------------

U. S. RECOMMENDATION:

    ISSUE SUMMONS
    ISSUE WARRANT
    CONTINUE SUPERVISION-NO FURTHER ACTION
    CONTINUE SUPERVISION-APPLY INTERVENTION OF:
    CONTINUE SUPERVISION-AWAIT DISPOSITION OF CRIMINAL CHARGE
    CONTINUE SUPERVISION-REQUEST BPP CONDITION(S):

COMMENTS:


U. S. SIGNATURE:                                          DATE:
------------------------------------------------------------------------------
P. S. DECISION IF APPLICABLE:

    ISSUE SUMMONS
 X ISSUE WARRANT
    CONTINUE SUPERVISION-NO FURTHER ACTION
    CONTINUE SUPERVISION-APPLY INTERVENTION OF:
    CONTINUE SUPERVISION-AWAIT DISPOSITION OF CRIMINAL CHARGE
    CONTINUE SUPERVISION-REQUEST BPP CONDITION(S):

COMMENTS:


P. S. SIGNATURE: JUDY JOHNSON                             DATE: 03  01  2005
------------------------------------------------------------------------------
SECION VI:  PAROLE DIVISION ACTION

    ISSUE SUMMONS
 X ISSUE WARRANT        WARRANT#: 03  01  2005  01607144
                CODE: S1   CODE:       CODE:
    DO NOT ISSUE WARRANT, CONFER WITH UNIT SUPV AND TAKE ALTERNATE
    INTERVENTION AS DEEMED APPROPRIATE.
    CONTINUE WARRANT IN EFFECT:
    VIOLATION REPORT RETURNED, FOLLOWING INFORMATION REQUIRED:

COMMENTS: REC 1146 PUB NCIC 1204 MS


DECISION RENDERED BY: MORGANA SUMMERS                     DATE: 03  01  2005

DISTRIBUTION: PAROLE OFFICER: ROI DICKERSON
             OFFICE: SOUTH TEXAS ISF

B4

51.

OFFICER'S USER ID: ROI3563

UNIT SUPERVISOR:
OFFICE:
UNIT SUPERVISOR'S USER ID:

PAROLE SUPERVISOR: JUDY JOHNSON
OFFICE: CENTRAL
PAROLE SUPERVISOR'S USER ID: JJO4924

ADDITIONAL DISTRIBUTION: CENTRALVR


FILE

ent to:     WRNT1            WARRANT_TRACKING          (to)
            JJO4924          JOHNSON, JUDITH A.        (to)
            RDI3563          DICKERSON, ROI LETECIA    (to)

# THE STATE OF TEXAS

## WARRANT

### Directing Retaking

# ADMINISTRATIVELY RELEASED PRISONER*

### (Non-Executive Clemency)

### Before Revocation or Rescission of Presumptive/Tentative Parole Date

---

**TO ANY SHERIFF, ANY PEACE OFFICER, ANY OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO SERVE CRIMINAL PROCESS OR TO ANY PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION:**

DOB: ▮▮▮▮▮▮        TDCJ#: 00364033

**GREETING:**

WHEREAS, __JOHNSON, EDDIE DON__, SID#: __01607144__,

was convicted of a felony offense in the State of Texas and was sentenced to the Texas Department of Criminal Justice, Parole Division and the Board of Pardons and Paroles;

AND WHEREAS, said convicted felon was granted a parole or administrative release and remains in the custody of the Texas Department of Criminal Justice, Parole Division amenable to the orders of the Texas Department of Criminal Justice, Parole Division and the Board of Pardons and Paroles;

AND WHEREAS, reliable information has reached the Texas Department of Criminal Justice, Parole Division that the administrative releasee has violated the terms, rules, and/or conditions of administrative release, has lapsed or is about to lapse into criminal ways or company, or was ineligible for release and is hereby declared a fugitive from justice;

NOW THEREFORE, by virtue of the authority vested in the Texas Department of Criminal Justice, Parole Division by Texas Government Code Ann. §508.251, it is hereby ordered that said administrative releasee, be arrested, detained and housed until such time as he may be placed in the custody of an agent of the Texas Department of Criminal Justice, Institutional Division, or until further order of the Texas Department of Criminal Justice, Parole Division or the Board of Pardons and Paroles, and for so doing, this shall be your sufficient warrant.

**NOT SUBJECT TO BAIL**



**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
Parole Division

By: _____

P. O. Box 13401, Capitol Station
Austin, Texas 78711
Area Code (512) 406-5317
Warrant No. 03-01-2005-01607144
R.DICKERSON/DPO/CENTRAL
/DPO/CENTRAL
File

Date of Issuance: **03-01-2005**

*The term "administrative release" includes parole and mandatory supervision, preparole transfer, work program and premature release.
BPP-FS-50 (R 1/98)

## EXHIBIT A, PAGE 26

53

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PAROLE DIVISION

## RIGHTS OF OFFENDER IN THE REVOCATION PROCESS

A. To: JOHNSON, EDDIE DON                    No: 364033

It is alleged that you have violated one or more of the rules / conditions of your release. Your rights in the revocation process are listed below.

1. You have the right to be personally served with written notice of the rules and conditions you are accused of violating. That means you have the right to have someone give you written information of what conditions of release you are accused of breaking.

2. You have the right to have a preliminary hearing if you have not been convicted of a new offense. This hearing will be held at or near the place of the alleged parole or mandatory supervision violation. The purpose of the preliminary hearing is to determine whether there is probable cause or reasonable grounds to believe you violated a condition of release.

3. You have the right to have a revocation hearing if you are alleged to have committed technical violations or you are found guilty in a criminal case. However if you receive a felony conviction with a term of incarceration in a penal institution, you will be allowed only a limited hearing in order to explain why you should not be revoked. You must request this mitigation hearing.

4. You have the right to a disclosure of evidence against you. That means you can see everything before the hearing.

5. You have the right to a state appointed attorney under certain circumstances to be determined by a hearing officer. If you qualify for that right, an attorney will be appointed to represent you. If you do not qualify for that right, you may hire an attorney to represent you.

6. You have the right to be heard in person by telling a hearing officer what happened and to present evidence, affidavits, letters and documents in support of your position.

7. You have the right to confront and cross-examine adverse witnesses by asking questions at the hearing unless the hearing officer specifically finds good cause for not allowing you to do so.

8. You are entitled to be heard on the violations by someone designated by the panel.

9. If your parole or mandatory supervision is revoked as a result of a hearing, you will receive a written report by the hearing officer which sets forth the evidence relied upon in support of a finding that you violated one or more conditions of your parole or mandatory supervision.

10. If revoked as a result of a hearing, you may have the right to request that the Board of Pardons and Paroles reopen the revocation hearing within sixty (60) days from the date of the Board's decision.

As indicated by my signature below, I affirm that I have been advised of my rights in the revocation process.

Releasee _Refused to sign_        Date _03/2/05_

Witness _Dickerson_        Date _03/02/05_

## C. WAIVER OF HEARINGS

1. I do not want a **PRELIMINARY** hearing. I understand that the parole officer has no authority to make promises as to what will happen if I do not have a hearing. I also understand that only the Parole Board can decide what punishment should be given. I have not been coerced into signing this waiver, nor have any promises been made to me in exchange for signing the waiver.

Releasee_____ Date _____

Witness _____ Date _____

2. I do not want a **REVOCATION** hearing. I understand that the parole officer has no authority to make promises as to what will happen if I do not have a hearing. I also understand that only the Parole Board can decide what punishment should be given. I have not been coerced into signing this waiver, nor have any promises been made to me in exchange for signing the waiver.

Releasee_____ Date _____

Witness _____ Date _____

## D. HEARING REQUEST/SCHEDULE

1. I hereby request that a Preliminary hearing be held.

Releasee_____ Date _____

Witness _____ Date _____

_____     _____
Preliminary Hearing Location        Date and Time of Hearing

2. I hereby request that a Revocation hearing be held.

Releasee_Refused to Sign_ Date __03/02/05__

Witness_Pat Dickerson_ Date __03/02/05__

_South Texas I.S.F._ __03/16/05__
Revocation Hearing Location _1511 Preston, Houston Texas 77002_    Date and Time of Hearing

9AM AM

## E. SUMMONS

To: _____ No: _____

You are hereby ordered and summoned to appear at a preliminary/revocation hearing at the time, date and location indicated above to answer the allegations in Section B, Page 2. Your rights during the hearing process are outlined in Section A, Page 1.

Failure to appear as instructed may result in the issuance of a warrant for your arrest.

_____     _____
Date        Regional Director, Parole Division

EXECUTED this ____ day of _____, 20 ____ by personally delivering a copy of same to the named addressee.

_____
Parole Officer

DIST:   CENTRAL HEARING SECTION     RELEASEE/JOHNSON, EDDIE D. # 364033

       HEARING OFF/        ATTORNEY/
       SUPV OFF/ROI L. DICKERSON / 03-12-23736 / GALVESTON DPO

PSV-48 (REV 9/03)        r3hq        Page 3 of 3

# South Texas Intermediate Sanction Facility
1511 Preston Ave., Houston Texas 77002

# Memo

**To:**  Offender: _Johnsen Eddie_  Dorm: _SHU 10_

**From:**  Visitation Officer: _Jackson_

**Subject:**  Denied Visit

**Date:**  _3/5/05_

---

Please be advised that Offender _Johnsen Eddie_ TDCJ-ID# _564033_ was denied a
visit by _Carl + Jewel Whitfield_ on _3/5/05_ for the following reasons:
visitor name                                     date

## Check one:

___Not on approved visitation list.

___Inappropriate Identification  (ID or Driver License did not match information on list)

___Inappropriate attire

___Inappropriate conduct

___Lied on relationship

_✓_other explain: ⟶ DENIED _Due to you being in the SHU AREA_

FEE AFFIDAVIT FORM

___ ✓ Original                                    ___ Supplemental

CLIENT: Eddie Don Johnson    PIA/TDCJ #: 364033    S.I.D. #: 061 07144

ATTORNEY INFORMATION:

Joseph          Wole          Prasifka

MR./MS.    FIRST NAME    MIDDLE         LAST NAME         SUFFIX

TEXAS BAR NO. 240 34832         ADDRESS 111 W. 15th St.

NAME OF BUSINESS _____ BUSINESS ADDRESS _____

BUSINESS PHONE # (832) 618-1880         Houston    TX    77008
                                         CITY      STATE   ZIP

BCJ-BPP-TDCJ (FORMER OR CURRENT) EMPLOYEE (S) OR MEMBERS WITH WHICH ATTORNEY IS ASSOCIATED OR HAS A RELATIONSHIP AS AN EMPLOYER OR EMPLOYEE OR MAINTAINS A CONTRACTUAL RELATIONSHIP TO PROVIDE SERVICES (LIST ADDITIONAL NAMES ON BACK).

FIRST NAME: _____ MIDDLE: _____ LAST NAME: _____

RELATIONSHIP: _____ ENTITY: _____

HAVE YOU REGISTERED WITH THE TDCJ-PAROLE DIVISION WITHIN THE LAST 12 MONTHS?    YES/NO

TEX. GOV'T. CODE §§ 508.084 and 508.085 require certain information relative to fees, or lack thereof. This affidavit must be completed in regards to the relevant areas, signed, sworn and subscribed to before a Notary Public prior to any representation

I NO FEE.

I, OR ANY CORPORATION OR FIRM WITH WHICH I AM AFFILIATED, HAVE RECEIVED NO FEE NOR PROMISE OF FEE FOR SERVICES OF ANY NATURE RENDERED, OR TO BE RENDERED, IN CONNECTION WITH PAROLE OR EXECUTIVE CLEMENCY FOR THE ABOVE NAMED PERSON.

_W.P._____        Signature    Printed Name Wole Prasifka

II COMPENSATED REPRESENTATION

TEXAS GOVERNMENT CODE § 305.002 DEFINES "COMPENSATION" AS MEANING MONEY, SERVICE, FACILITY OR OTHER THING OF VALUE OR FINANCIAL BENEFIT THAT IS RECEIVED OR IS TO BE RECEIVED IN RETURN FOR OR IN CONNECTION WITH SERVICES RENDERED OR TO BE RENDERED.

TEX. GOV'T. CODE § 508.083 mandates that only an Attorney, licensed in the State of Texas, may receive compensation for representing an offender subject to the jurisdiction of the Texas Department of Criminal Justice.

AMOUNT OR DESCRIPTION OR VALUE OF COMPENSATION RECEIVED OR EXPECTED: $ _____

THE PERSON MAKING THE COMPENSATION: TX Board Pardons / Paroles
                                     FIRST NAME         MIDDLE         LAST NAME

ADDRESS Austin        TX              PHONE #: _____
        CITY          STATE    ZIP

I HEREBY SWEAR AND AFFIRM THAT THE ABOVE INFORMATION IS TRUE AND CORRECT, AND FURTHERMORE, I HEREBY AGREE TO IMMEDIATELY SUPPLEMENT THIS AFFIDAVIT IF ANY OF THE STATEMENTS MADE HEREIN ARE AFFECTED BY A CHANGE IN FEE AGREEMENT, OR ARRANGEMENT, OR FACTUAL CONDITIONS.

PRINTED OR TYPED NAME Wole Prasifka        SIGNATURE W.P.

SWORN TO AND SUBSCRIBED BEFORE ME. THE UNDERSIGNED AUTHORITY. UNDER PENALTY OF PERJURY. ON THIS THE 16 DAY OF MARCH , A.D. 20 05 .

                                (SEAL)

RRP-12 Rev. 9/01                    SIGNATURE OF HEARING OFFICER OR
                                    NOTARY PUBLIC IN AND FOR THE STATE OF TEX.

57.



# BOARD OF PARDONS AND PAROLES
## Hearing Section

☐ PRELIMINARY ☒ REVOCATION HEARING REPORT

DATE: 03/16/2005

**I.  IDENTIFICATION:**

NAME: JOHNSON, EDDIE DON

TDCJ#: 00364033

HOME ADDRESS: SOUTH TEXAS ISF

CITY: HOUSTON          COUNTY: HARRIS          TX    ZIP CODE: 77002

The purpose of the Hearing was to determine if adequate grounds exist to find that the above named offender violated the conditions of release as per the attached charging instrument and the hearing report processing sheet that is affixed to the front of this report.

A.  The following were Hearing Participants:

| NAME | ADDRESS | TITLE/POSITION |
|---|---|---|
| JOHNSON, EDDIE DON | Same as above | OFFENDER |
| PRESIFKE, JOSEPH WADE | 111 W. 15TH STREET HOUSTON, TEXAS 77008 Phone: (832) 618-1800 | ATTORNEY ☒ Appointed ☐ Retained ☐ Pro bono |
| DICKERSON, ROI | SOURH TEXAS ISF 1511 PRESTON AVENUE HOUSTON, TEXAS 77002 Phone: (713) 222-6901 | PAROLE OFFICER ☒ Supervising ☐ Agent |
| OFORDILE, CHIAZOR D. | 4949 WEST 34TH STREET, A-3 HOUSTON, TEXAS 77092 Phone: (713) 681-4828 | HEARING OFFICER |

B. Listing of Witnesses / Observers:

| NAME | TITLE/POSITION/RELATIONSHIP | WITNESS Adverse / Friendly | |
|---|---|---|---|
|  |  | ☐ | ☐ |
|  |  | ☐ | ☐ |
|  |  | ☐ | ☐ |
|  |  | ☐ | ☐ |
|  |  | ☐ | ☐ |

HS-104 (R 07-01-04)

**EXHIBIT A, PAGE 18**

Page 1 of 4

58.



# STATE OF TEXAS
## BOARD OF PARDONS AND PAROLES
### PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

**TO ALL WHOM THESE PRESENTS SHALL COME:**

DPS#: _01607144_

TDCJ#: _364033_

WHEREAS **EDDIE DON JOHNSON** was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice, was released to administrative supervision and subsequently failed to fulfill the terms and conditions of said release.

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby REVOKE that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT be issued and the aforementioned person be returned to be confined in the Institutional Division of the Texas Department of Criminal Justice.

**************************************************************

TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, has violated the conditions of administrative release, and the Board of Pardons and Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the Texas Department of Criminal Justice of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas Code of Criminal Procedure and Chapter 508, Texas Government Code. THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.

By _Rissie Owens_
Board Chairman

ISSUE DATE _03/25/2005_
WARRANT NO _03-25-05-364033_

BPP-COC-98 (R-09-24-03)

Board of Pardons and Paroles
P. O. Box 13401
Austin, TX 78711
(512) 406-5452
Teletype# BPPZ or ORI# TX2270155G

Distribution:
DPS
TDCJ-ID
DETAINING AUTHORITY

EXHIBIT A, PAGE 15

59.



# BOARD OF PARDONS AND PAROLES
## Hearing Section

### HEARING REPORT PROCESSING SHEET
☐ PRELIMINARY ☒ REVOCATION

NAME: JOHNSON, EDDIE DON
TDCJ #: 00364033    SID #: 01607144
RELEASE DATE: 01/16/2004
DISCHARGE DATE: 11/12/2042

HEARING DATE: 03/16/2005
TIME CONVENED: 09:10AM ENDED: 09:40AM
OFFENDER'S LOCATION: SOUTH TEXAS ISF

DATE ☒ WARRANT / ☐ SUMMONS ISSUED: 03/01/2005    EXECUTED: 03/01/2005
OFFENDER ☒ REQUESTED / ☐ WAIVED REVOCATION HEARING
ATTORNEY DETERMINATION: ☒ APPROVED ☐ DISAPPROVED    ☐ WAIVED    ☐ RETAINED

### FINDINGS

**Offender Admission(s)/Denial(s)**

|  |  |  | ALLEGATION(S) | H/O Y | H/O N | H/S Y | H/S N |
|---|---|---|---|---|---|---|---|
| ☐ Admit | ☒ Deny | Rule # 8SISP | FAILURE TO COMPLY WITH SUPER INTENSIVE SUPERVISION PROGRAM CONDITION-REFUSED TO WEAR ELECTRONIC MONITORING DEVICE, 02/28/2005 | ☒ | ☐ | ☒ | ☐ |
| ☐ Admit | ☐ Deny | Rule # |  | ☐ | ☐ | ☐ | ☐ |
|  |  |  |  | ☐ | ☐ | ☐ | ☐ |

### RECOMMENDATIONS

|  | REVOKE | PTRH | NON-REVOCATION ACTION | ISF | SAFP |
|---|---|---|---|---|---|
| PAROLE OFFICER | ☒ | ☐ |  |  |  |
| HEARING OFFICER | ☒ | ☐ |  | ☐ | ☐ |
| REVIEWER: | ☒ | ☐ |  | ☐ | ☐ |

ADDITIONAL RECOMMENDATIONS: *Goden 3-24-05*

☐ ☐

( ☐ SAFP BED CERTIFICATION ATTACHED)

### BOARD DECISION

☒ REVOKE _____    ☐ ISF _____
☐ PROCEED TO REVOCATION HEARING (PTRH) _____    ☐ SAFP _____
☐ NON-REVOCATION ACTION: PENDING ADJUDICATION OF CHARGES _____
☐ NON-REVOCATION ACTION: CONTINUE SUPERVISION _____
REAFFIRM ANY EXISTING SPECIAL CONDITIONS OR MODIFY AS NOTED BELOW _____

☐ NON-REVOCATION ACTION: NO FINDING _____
☐ NON-REVOCATION ACTION: ALLOW TO DISCHARGE _____
☐ REFER CASE BACK TO HEARING OFFICER FOR FURTHER DEVELOPMENT OF FACTUAL OR LEGAL ISSUES, WITH OR WITHOUT REOPENING THE HEARING, FOR THE FOLLOWING: _____

DISPOSITION DATE: 3/25/05

DIST:   CENTRAL HEARING SECTION
        HEARING OFF/C.D.OFORDILE/HOUSTON HEARING
        SUPV OFF/R. DICKERSON/SOUTH TEXAS ISF
        AGT OFF/

OFFENDER/SAME AS ABOVE
ATTORNEY/J.W.PRESIFKE
111 W. 15 TH STREET
HOUSTON, TEXAS 77008
BD. ANALYST RECEIVE DATE: 3-23-05

HS-135 (revised 07-01-04)    **EXHIBIT A, PAGE 16**

# Texas Department of Criminal Justice

## STEP 1 · OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
| --- |
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

Offender Name: JOHNSON, EDDIE DON    TDCJ # 364033

Unit: LYNAUGH    Housing Assignment: I 102 B

Unit where incident occurred: WALLS CLASSIFICATION AND RECORDS

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? ADMINISTRATIVE SYSTEMS PARTICIPANTS    When? 1-16-04 THRU 10-17-05

What was their response? THE NECCESSARY REQUEST WITH THE BUREAU OF PRISON HAVE BEEN FILED.

What action was taken? HAD NOT RECIEVED ANY RESPONSE AT NO ST... OCT 18 2005

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION IS IMPROPERLY DENYING SID NO. 01607144 · T.D.C.J.-I.D. NO #364033 OFFENDER JOHNSON, EDDIE DON TO MANDATORY SENTENCING. CALENDAR TIME SERVED PLUS ACCRUED GOOD CONDUCT TIME EQUAL TO SIXTY YEARS BUT T.D.C.J-I.D. AND BBP IS DENYING OFFENDER HIS RELEASE TO MANDATORY SENTENCING.

SID...01607144 T.D.C.J-I.D. NO. 364033 OFFENDER JOHNSON, EDDIE DON WAS DUE TO BE RELEASED FROM T.D.C.J-I.D. DISCHARGE WITH COMMUTATION AND TRUSTY TIME 1-16-04, BUT CONDITIONS WAS ISSUED BY BBP THEREBY CAUSES DEPRIVATION OF INDIVIDUAL'S RIGHTS. BY A POLICY RETROACTIVELY APPLIED TO THE RELEASE.

OFFENDER JOHNSON, EDDIE DON #364033 DISCHARGED HIS SIXTY YEAR SENTENCE AND WAS NOT RELEASED FROM T.D.C.J-I.D TEXAS DEPARTMENT OF CRIMINAL JUSTICE- INSTITUTIONAL DIVISION, BUT TRANSFERRED TO ANOTHER CUSTODIAL INSTITUTION REGULATED BY THE TEXAS BOARD OF PARDONS AND PAROLES UNDER THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE UMBRELLA.

THIS OFFENSE WAS COMMITTED OCTOBER 28, 1982. OFFENDER WAS SENTENCED AUGUST 16, 1983. RECEIVED BY T.D.C.J-I.D SEPTEMBER 28, 1983. AT THAT TIME THE RELEVANT STATUTE PROVIDED AS FOLLOWS:

A PRISONER MAY NOT BE RELEASED TO MANDATORY SUPERVISION IF THE PRISONER IS SERVING A SENTENCE FOR OR HAS PREVIOUSLY BEEN CONVICTED OF MURDER 19.02 PENAL CODE.

AT THE TIME OFFENDER COMMITTED THE OFFENSE THE STATUTE WAS WORDED DIFFERENTLY. AT THAT TIME A CONVICTION FOR THE OFFENSE RENDERED THE PRISONER INELIGIBLE FOR RELEASE ON MANDATORY SUPERVISION.

THE REVOCATION INVOLE A NEW CRIMINAL CONVICTION AFTER THE OFFENDER HAVE SERVED 21 YRS 4 mos 21 DAYS

OFFENDERS ELIGIBILITY FOR MANDATORY SUPERVISION RELEASE IS DETERMINED BY THE STATUTE IN EFFECT AT THE TIME OF HIS CURRENT OFFENSE. THAT STATUTE REQUIRES THAT THE CONVICTIONS BE ENUMERATED ON THE CURRENT LIST OF INELIGIBLE OFFENSES BEFORE

I-127 Front (Revised 9-1-2001)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

OCT 18 2005

IT RENDER THE CURRENT CONVICTION ELIGIBLE FOR MANDATORY SUPERVISION.

OFFENDER Johnson, EDDIE DON #364033 HAD NO PAROLE TO REVOKE.
WHY AM I HERE? EXPLAIN TO ME. IT HAVE TO BE A REASON.
OFFENDER APPRECIATE YOUR HELP IN RESOLVING THIS MATTER.

OCT 18 2005

**Action Requested to resolve your Complaint.** RELEASE UNDER VERSION OF THE STATUTE IN EFFECT WHEN
THE OFFENSE WAS COMMITTED 65TH LEGISLATURE CHAPTER 347 SECTION 3 F (3) 2
NOT 71ST LEGISLATURE CHAPTER 785 HB 2335 ARTICLE 5. SECTION 5.01
ARTICLE 42.18 CODE OF CRIMINAL PROCEDURE SECTION 8. ELIGIBILITY FOR RELEASE: CONDITIONS
ON RELEASE SEC 8 (C) AND SEC 23 AND SEC 25.

Offender Signature: Sincere: Eddie Don Johnson    OCT 18 2005    Date: 10-17-05

**Grievance Response:**

**Signature Authority:** _____    **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution.*

☐ 6. No requested relief is stated.*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☑ 8. The issue presented is not grievable.

☐ 9. *Vacant – discontinued 9-1-00*

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Signature:** _____

I-127 Back (Revised 9-1-2001)

OFFICE USE ONLY

Initial Submission            UGI Initials:

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: OCT 18 2005

Date Returned to Offender: OCT 18 2005

2nd Submission            UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission            UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____



F I L E D

CHARLES BACARISSE
District Clerk

NOV 2 8 2006

NO. 37553 -C

| | | |
|---|---|---|
| EX PARTE | § | In the 185th District Court |
| | § | |
| EDDIE DON JOHNSON | § | of |
| | § | |
| | § | Harris County, Texas |

Time: _____
Harris County, Texas
By _____
Deputy

## AFFIDAVIT OF SANDY PICKELL

STATE OF TEXAS  )
  )
COUNTY OF TRAVIS  )

BEFORE ME, the undersigned, a Notary Public in and for the State of Texas, on this day personally appeared Sandy Pickell, who, after being duly sworn, deposes as follows:

My name is Sandy Pickell. I am over eighteen years of age, of sound mind; capable of making this affidavit; and personally acquainted with the facts herein stated. I am employed as Assistant Director, Review and Release Processing Section of the Texas Department of Criminal Justice – Parole Division ("Parole Division").

I also am the deputy custodian of records for the Parole Division. Attached hereto, and incorporated by reference, as Exhibit A are twenty-six pages of the Parole Division Record ("Record") about Eddie Don Johnson ("Johnson"), TDCJ # 364033, which are kept by the Parole Division in the regular course of its business, and it was the regular course of business of the Parole Division for an employee or representative of the Parole Division, with knowledge of the act, event, condition or opinion, recorded to make the Records or to transmit information thereof to be included in the Record; and the Record was made at or near the time or reasonably soon thereafter. The attached Record is an exact duplicate of the original.

| Offenses | Murder W/DW (2cts.) |
| --- | --- |
| County | Harris |
| Cause Numbers | 375536 375537 |
| Sentence | Two- 60-years |
| Date of Sentence | 8-15-1983 |
| Date of Offense | 10-29-1982 |
| Sentence Begin Date | 11-21-1982 |
| TDCJ Receive Date | 9-28-1983 |
| Mandatory Supervision Release Date | 10-24-2017 |
| Maximum Expiration Date | 6-10-2043 |
| Total Flat Time Served | 24-yrs 6-mos 17-days |
| Total Good Time | 5-yrs 9-mos 22-days |
| Bonus Time | 1-mo 30-days |

Offender Johnson committed the offenses of Murder With Deadly Weapon on or about 10-29-1982, in Harris County, Texas, in cause numbers 375536 and 375537. Johnson was sentenced to serve two- sixty (60) years in the Texas Department of Criminal Justice-Institutional Division out of the 185th District Court of Harris County on 8-15-1983, with a sentence to begin on 11-21-1982.

Johnson was released from TDCJ custody on mandatory supervision on 1-16-2004, with a maximum expiration date of 11-12-2042. On 3-1-2005, a Pre-Revocation Warrant of Arrest was issued by the Parole Division. Johnson was arrested in Harris County on 8-5-2004, and mandatory supervision revoked on 3-25-2005. Offender Johnson was returned to TDCJ custody on 4-8-2005. At the point of readmission offender Johnson was charged for a period of 6-months, and 19-days as out of custody for an unsatisfactory term of mandatory supervision. The offender was additionally penalized by the forfeiture of prior earned goodtime credits as provided by TEX. GOV'T CODE 498.004(b). The offender was denied "street-time" pursuant to Section 508.283(b) of the TEX. GOV'T. CODE, due to current offenses of Murder With Deadly Weapon.

Pursuant to TEX. GOV'T CODE § 501.0081, TDCJ must respond to time credit disputes within 180-days of receipt by the Classification and Records Office. This office received a time dispute resolution form from offender on 5-11-2005, 6-20-3005, 10-25-2005, and 8-31-2006, and responded to the offender on 2-1-2006, 3-3-2006, 4-14-2006, and 5-10-2007. This office responded to the offender that there was no error in his current time calculations. The offender was further advised that if he was dissatisfied with this response that he should contact State Counsel for Offenders for further assistance.

EDDIE DON JOHNSON, TDCJ #364033

2

1. Whether Johnson has ever received supervised release (if so, please state all dates on which Johnson received supervised release; if not, please state the reasons for Johnson not receiving supervised release).

Ans: Records maintained by the TDCJ – Parole Division indicate that Johnson was released to mandatory supervision on January 16, 2004. At the time of his release, Johnson had a scheduled discharge date of November 12, 2042. (See Exhibit A, page 1 - 2, "The State of Texas Certificate of Mandatory Supervision").

2. Whether Johnson has been determined to be subject to "discretionary" mandatory supervision (if so, please state the basis upon which applicant is under this status).

Ans: No, Johnson is not subject to discretionary mandatory supervision review under § 508.149 (b), Texas Government Code. Johnson is serving sentences for offenses committed prior to September 1, 1996. Therefore, his release to mandatory supervision is not discretionary, when his calendar time served and good time equal his total sentence as calculated by the TDCJ – Institutional Division Classification and Records Office, he will be released. Johnson's projected release date to mandatory supervision is currently calculated as October 24, 2017. ~~Will r about~~ January 16, 2004 Release

3. Whether Johnson has ever been denied mandatory supervision release when he accumulated the amount of time credits required for such release (if so, please state the legal basis and the specific reasons for Johnson being denied mandatory supervision; if not, please identify any dates in which Johnson was particularly released to mandatory supervision).

Ans: As noted previously, Johnson was released to mandatory supervision on January 16, 2004. Johnson's projected release date to mandatory supervision is currently calculated as October 24, 2017, and his maximum expiration date is June 10, 2043.

64.

ID: 01607144  TDC: 00364033  PIA:
  REGION: 03  DISTRICT: 00          NAME: JOHNSON, EDDIE DON
                              SUPERVISING OFFICER: 21960
                                                          ACTIVE FLAG: Y
RELEASE DATE : | 01 16 2004 | BAL. STATUS : 23  IN ISF
OFFENSE DATE : | MM DD CCYY | PENAL CODE  : _____
DISCH. DATE  : | 11 12 2042 | LAST ASSESS : 10 01 2004           11/04/04
SUP PREV:             0 00   CVF PREV:                    NCIC: _____
                                    0 00      SAP PREV:
*****SUPERVISION******                                       0 00
ASSESSED:        90 00
PAID    :         0 00
BALANCE :        90 00


CREATE TERMID: BTCH
  WORK TERMID: AF45        CREATE DATE: 01 20 2004
                            WORK DATE: 01 21 2004

-- PRESS <PA1> TO ENTER ANOTHER SID OR TDC NUMBER.
-- PRESS <PF11> TO VIEW PSER FEES.
<PF3>=PREV MENU
                    <PA1>=REFRESH

                                        <PF12>=MAIN MENU


Exhibit B

Exhibit C3

65



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CHARLES R. HOLCOMB
CATHY COCHRAN
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

LOUISE PEARSON
CLERK
512-463-1551

EDWARD J. MARTY
GENERAL COUNSEL
512-463-1597

June 21, 2006

Eddie Don Johnson
Lynaugh Unit - TDC #364033
1098 S. Hwy. 2037
Fort Stockton, TX 79735

RE:     375537-B
        WR-31,972-04

Your letter has been received.  Please be advised:

☐       To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267.  Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐       Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court

☑       **Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.**

☐       Your writ of habeas corpus has not been received in this court.  Please contact the district court for the status of your case.

☐       The Court of Criminal Appeals does not provide forms.  Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☑       **Your change of address has been received and noted in our system.**

Sincerely,

Louise Pearson
Clerk



# State Counsel for Offenders

### A Division of Texas Department of Criminal Justice

P.O. Box 4005
Huntsville, TX 77342-4005

August 30, 2006

Eddie D. Johnson
TDCJ# 364033
James Lynaugh (LH/73)

Dear Mr. Johnson:

The TDCJ-ID computer reflects that you have been eligible for parole release since 03-01-05. Whether or not you are granted parole is up to the sole discretion of the Board of Pardons and Paroles. As of today's date, you have a mandatory supervision release date of 03-23-2018.

If you are not granted parole, you will not be released until you have reached your mandatory supervision release date. Remember however, that this date (03-23-2018) is a projected date, reached when the good time added to your flat time equals the length of the sentence (60-years). Any loss of good time or a status change will affect this date.

Sincerely,

Barbara Clendennen
Legal Assistant, Appellate Section

/bc
c: File

67.



March 5, 2012

Eddie Johnson
TDCJ# 364033
Lynaugh Unit
1098 S. Highway 2037
Fort Stockton, TX 79735

Dear Mr. Johnson:

Your correspondence dated 1/3/2012, addressed to Ms. Rissie Owens, Presiding Officer (Chair) of the Board of Pardons and Paroles was referred to Special Review for a reply.

Special Review applies to cases reviewed during the normal review process and denied release to parole or mandatory supervision. A request for a Special Review shall be considered only in the following circumstances:

1. A parole panel member who voted with the majority on the panel desires to have the decision reconsidered prior to the next review date.

2. A written request on behalf of an offender cites information not previously available to the parole panel. In accordance with §145.17 (C), Texas Administrative Code, all requests for special review shall be in writing and signed by the offender or their attorney.

Information not previously available shall mean only:

   (A) responses from trial officials and victims;

   (B) a change in an offender's sentence and judgment; or

   (C) an allegation that the parole panel commits an error of law or board rule.

   Allegation(s) must clearly show/state the error in law or board rule.

3. If both parole panel members who voted with the majority are no longer active board members or parole commissioners, the presiding officer (chair) places the case in the special review process to be reconsidered prior to the next review date.

# UNSWORN DECLARATION

I, _EDDIE DON JOHNSON_ , TDCJ NUMBER _#364033_

Being presently incarcerated in the _JAMES A. LYNAUGH_ , Unit of the Texas

Department of Criminal Justice, in _PECOS_ , County, Texas

Declare under penalty of perjury that I am the applicant in the above and foregoing

Motion. I have read said motion and the factual allegations of the same are true and

Correct.

Executed on this _18_ , day of _JUNE_ , 20 _15_.

_Eddie Don Johnson #364033_

_EDDIE DON JOHNSON #364033_ , Movant, Pro Se

Velva L. Price
District Clerk, Travis County
Travis County Courthouse Complex
P.O. Box 679003
Austin, Texas 78767



DATE: May 21, 2015


EDDIE DON JOHNSON
TDCJ ID: 00364033
JAMES A. LYNAUGH UNIT
1098 S. HIGHWAY 2037
FORT STOCKTON, TX 79735


ORDER (DISMISSED WITH PREJUDICE)

**D-1-GN-13-001602**

EDDIE DON JOHNSON
VS.
TEXAS DEPARTMENT OF CRIMINAL JUSTICE PAROLE DIVISION


You are hereby notified that the above order has been signed and entered MAY 13, 2015 in the 200TH JUDICIAL DISTRICT COURT of Travis County Texas in the above numbered and entitled cause.


Velva L. Price,
District Clerk


L60 - 000047880                    D-1-GN-13-001602                    BH

Filed in The District Court
of Travis County, Texas

MAY 13 2015

At 2:47 P m. NS

Velva L. Price, District Clerk

CAUSE NO. D-1-GN-13-001602

| | | |
|---|---|---|
| EDDIE DON JOHNSON | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE- | § | |
| PAROLE DIVISION | § | |
| Defendant | § | 200th JUDICIAL DISTRICT |

---

## Order

On this day, this Court considered Defendant's Amended Plea to the Jurisdiction and any response thereto.

It is hereby **ORDERED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. This order operates as a final judgment.

Signed this _____ day of __5 · 13__, 2015.

_____
PRESIDING JUDGE

EDDIE DON JOHNSON
T.D.C.J. ID - #364033
JAMES A. LYNAUGH UNIT
1098 S. HWY 2037
FORT STOCKTON, TEXAS
79735-9795

JUNE 18, 2015

MR. JEFFREY D. KYLE, CLERK,

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

P.O. BOX 12547

AUSTIN, TEXAS, 78711-2547

RE: COURT OF APPEALS NUMBER 03-15-00343-CV

TRIAL COURT CASE NUMBER D-1-GN-13-001602

STYLE  EDDIE DON JOHNSON
       V. THE STATE OF TEXAS

DEAR MR. JEFFREY D. KYLE, CLERK

ENCLOSED WITHIN PLEASE FIND A COPY OF PLAINTIFF-APPELLANT APPEALS BRIEF IN THE ABOVE REFERENCED CAUSE THAT CLAIM BE DISMISSED WITH PREJUDICE FOR LACK OF JURISDICTION. ENTERED IN THIS ACTION ON 13TH DAY OF MAY 2015. PLEASE FILE AND BRING TO THE ATTENTION OF THE COURT OF APPEALS THIRD DISTRICT. IF THERE ARE ANY QUESTIONS ABOUT THIS REQUEST. I CAN BE REACHED AT THE BELOW ADDRESS.

I APPRECIATE YOUR ASSISTANCE IN THIS MATTER


RECEIVED
JUN 22 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

SINCERELY,
Eddie Don Johnson #364033
EDDIE DON JOHNSON #364033
JAMES A. LYNAUGH UNIT
1098 S. HWY 2037
FORT STOCKTON, TEXAS
79735-9795

MR. EDDIE DON JOHNSON

T.O.C.I. JD.- #369033

JAMES A. LYNAUGH UNIT

1098 S. Hwy. 2037

FORT STOCKTON, TX 74735-9746

COURT OF APPEALS

THIRD DISTRICT

P.O. BOX 12547 AUSTIN, TEXAS

78711-2547